DOMINICA C. ANDERSON (SBN 2988)
BRIAN A. NEIGHBARGER (SBN 11225)
**DUANE MORRIS LLP**
100 North City Parkway, Suite 1560
Las Vegas, NV  89106
Telephone: 702.868.2600
Facsimile: 702.385.6862
E-Mail:  dcanderson@duanemorris.com
          baneighbarger@duanemorris.com

Attorneys for U.S. Bank National Association, U.S.
Bank Home Mortgage, U.S. Bank Home Mortgage
Outsourcing, and Merscorp.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GODSON ERUCHALU, | Case No.: 2:12-cv-01264-MMD-VCF |
| Plaintiff, | |
| v. | **ANSWER** |
| U.S. BANK, NATIONAL ASSOCIATION; US BANK HOME MORTGAGE; US BANK HOME MORT OUTSOURCING; NATIONAL DEFAULT SERVICING CORP; MERSCORP; TIFFANY & BOSCO PA; FIRST OPINION MORTGAGE, | |
| Defendants. | |

U.S. Bank National Association, U.S. Bank Home Mortgage, U.S. Bank Home Mortgage

Outsourcing ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS")

(erroneously named as MERSCORP) (collectively "Defendants"), by and through their counsel, the

law firm of Duane Morris LLP, hereby answer Plaintiff Godson Eruchalu's Complaint as follows:

### JURISDICTION

1.    Answering paragraph 1, no allegations are made in this paragraph and thus no

response from these Defendants is required.

2.    Answering paragraph 2, Defendants are without sufficient knowledge or information

upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and

every allegation therein.

3.      Answering paragraph 3, Defendants deny the allegations.  U.S. Bank is the owner of the loan and holder of the original subject note.  U.S. Bank's main office as set forth on its organization certificate is Ohio, and has business offices in Clark County, Nevada.  As to any remaining allegations in paragraph 3, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

4.      Answering paragraph 4, Defendants answer that U.S. Bank Home Mortgage is a trade name utilized U.S. Bank National Association for certain aspects of its mortgage business, and it is not a separate juridical entity.  U.S. Bank National Association has an office in Owensboro, Kentucky.  As to the remaining allegations in paragraph 3, deny each and every allegation therein.

5.      Answering paragraph 5, Defendants answer that U.S. Bank is not the parent of U.S. Bank Home Mortgage Outsourcing and that said entity is not a separate juridical entity.  U.S. Bank National Association has an office in Owensboro, Kentucky.  As to the remaining allegations, the allegations are vague and ambiguous and are denied.

6.      Answering paragraph 6, Defendants answer that it contains legal conclusions to which no response is required.  To the extent a response is required, and as to the remaining allegations, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

7.      Answering paragraph 7, Defendants answer that the proper designation of the Defendant is Mortgage Electronic Registration Systems, Inc., or MERS, and not MERSCORP.  Defendants admit that MERS is a Delaware corporation with a principal place of business at 1818 Library Street, Reston, Virginia 20190.  Defendants deny that MERS does business in Clark County, Nevada.  *See* NRS 80.015; *see also, Bruce v. Homefield Fin., Inc.*, 2011 U.S. Dist. LEXIS 110243, 6-7 (D. Nev. Sept. 23, 2011).

8.      Answering paragraph 8, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

9.      Answering paragraph 9, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

10.     Answering paragraph 10, no allegations are made in this paragraph and thus no response from these Defendants is required.  Defendants object to the extent Plaintiff does not comply with the rules of pleading in this paragraph.

11.     Answering paragraph 11, Defendants deny the allegations.

12.     Answering paragraph 12, Defendants deny the allegations.

13.     Answering paragraph 13, Defendants deny the allegations.

14.     Answering paragraph 14, Defendants deny the allegations.

## JURISDICTION AND VENUE

15.     Answering paragraph 15, Defendants do not contest the jurisdiction of this Court

16.     Answering paragraph 16, Defendants do not contest that venue is proper.

## JUDICIAL NOTICE

16.[sic] Answering paragraph 16, Defendants answer that it contains no allegations to be admitted or denied.

17.     Answering paragraph 17, Defendants answer that it contains citations and statements of law to which no response is required, and there are no allegations to be admitted or denied.

18.     Answering paragraph 18, Defendants answer that it contains citations and statements of law to which no response is required, and there are no allegations to be admitted or denied.

19.     Answering paragraph 19, Defendants answer that it contains citations and statements of law to which no response is required, and there are no allegations to be admitted or denied.

20.     Answering paragraph 20, Defendants answer that it contains citations and statements of law to which no response is required, and there are no allegations to be admitted or denied.

## FACTUAL ALLEGATIONS

21.     Answering paragraph 21, Defendants admit that Plaintiff executed the Note and Deed of Trust on or about August 18, 2010 and refer to said documents for their content.

3

22.     Answering paragraph 22, Defendants admit that Plaintiff executed a Note in the amount of $330,548.00.  Defendants deny that Plaintiff attached a copy of the Note to the Complaint.

23.     Answering paragraph 23, Defendants respond that the Note and terms thereof speak for themselves.

24.     Answering paragraph 24, Defendants respond that the Note and terms thereof speak for themselves.

25.     Answering paragraph 25, Defendants respond that Plaintiff executed the Deed of Trust on or about August 18, 2010.  Defendants refer to the Deed of Trust for a proper recitation of its content.

26.     Answering paragraph 26, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

27.     Answering paragraph 27, Defendants deny the allegations.

28.     Answering paragraph 28, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

29.     Answering paragraph 29, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

30.     Answering paragraph 30, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.

31.     Answering paragraph 31, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

32.     Answering paragraph 32, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.

33.     Answering paragraph 33, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

34.     Answering paragraph 34, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

35.     Answering paragraph 35, Defendants deny the allegations.

36.     Answering paragraph 36, Defendants deny the allegations.

37.     Answering paragraph 37, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.

38.     Answering paragraph 38, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.

39.     Answering paragraph 39, Defendants refer to the Deed of Trust for its content.

40.     Answering paragraph 40, Defendants deny the allegations.

41.     Answering paragraph 41, Defendants deny the allegations.

42.     Answering paragraph 42, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

43.     Answering paragraph 43, Defendants deny the allegations.

44.     Answering paragraph 44, Defendants deny the allegations.

45.     Answering paragraph 45, Defendants deny the allegations.

46. Answering paragraph 46, Defendants deny the allegations.

47. Answering paragraph 47, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

48. Answering paragraph 48, Defendants deny the allegations.

49. Answering paragraph 49, , Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

50. Answering paragraph 50, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, , Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

51. Answering paragraph 51, Defendants deny the allegations.

52. Answering paragraph 52, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

53. Answering paragraph 53, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, , Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other

things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

54.     Answering paragraph 54, Defendants deny the allegations.

55.     Answering paragraph 55, Defendants deny the allegations.

56.     Answering paragraph 56, , Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

57.     Answering paragraph 57, , Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

58.     Answering paragraph 58, , Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

59.     Answering paragraph 59, , Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

60.     Answering paragraph 60, Defendants deny the allegations

61.     Answering paragraph 61, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

62.     Answering paragraph 62, Defendants deny the allegations.

63.     Answering paragraph 63, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because,

among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds,
deny each and every allegation therein.

64.     Answering paragraph 64, Defendants admit the allegations.

65.     Answering paragraph 65,  Defendants acknowledge that the note was not transferred
to MERS and do not claim that it was so transferred

66.     Answering paragraph 66, Defendants deny the allegations.

67.     Answering paragraph 67, Defendants deny the allegations.

68.     Answering paragraph 68, Defendants answer that it contains legal conclusions to
which no response is required.  As to the remaining allegations, Defendants answer that they are
without sufficient knowledge or information upon which to base a belief as to the truth of the
allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and
no copy of the alleged "wrongful Complaint" is provided as an exhibit as Plaintiff indicates.  Upon
these grounds, Defendants deny each and every allegation therein.

69.     Answering paragraph 69, Defendants answer that it contains legal conclusions to
which no response is required.  Defendants deny the factual allegations and affirmatively state that
U.S. Bank National Association is entitled to enforce the note.

70.     Answering paragraph 70, Defendants answer that they are without sufficient
knowledge or information upon which to base a belief as to the truth of the allegations because,
among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds,
deny each and every allegation therein.

71.     Answering paragraph 71, Defendants deny the factual allegations.  No response is
required to the recitation of case law.

72.     Answering paragraph 72, Defendants answer that they are without sufficient
knowledge or information upon which to base a belief as to the truth of the allegations because,
among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds,
deny each and every allegation therein.

73.     Answering paragraph 73, Defendants answer that they are without sufficient
knowledge or information upon which to base a belief as to the truth of the allegations because,

among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

74.  Answering paragraph 74, Defendants answer that it contains legal conclusions to which no response is required.  Defendants specifically deny Plaintiff's allegations that U.S. Bank National Association lacks standing to enforce the note.

75.  Answering paragraph 75, Defendants deny the allegations.

76.  Answering paragraph 76, Defendants deny the allegations and specifically states that MERS is not a mortgage lender

77.  Answering paragraph 77, Defendants admit that neither MERS nor U.S. Bank is the original mortgage lender.

78.  Answering paragraph 78, Defendants states that MERS executed a Corporation Assignment of Deed of Trust.  As to the remaining allegations in paragraph 78, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

79.  Answering paragraph 79, Defendants deny the allegations and state that U.S. Bank National Association has standing to enforce the note.

80.  Answering paragraph 80, Defendants deny the allegations and state that U.S. Bank National Association has standing to enforce the note.

81.  Answering paragraph 81, Defendants deny the allegations and state that U.S. Bank National Association has standing to enforce the note.

82.  Answering paragraph 82, Defendants deny the allegations and state that U.S. Bank National Association has standing to enforce the note.

83.  Answering paragraph 83, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein. Defendants specifically deny any fraudulent conduct.

84.     Answering paragraph 84, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that the note is a negotiable instrument.

85.     Answering paragraph 85, Defendant's deny that Plaintiff's debt has been discharged. As to the remaining allegations in paragraph 85, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

86.     Answering paragraph 86, Defendants deny the allegations.

87.     Answering paragraph 87, Defendants deny the allegations.

88.     Answering paragraph 88, Defendants deny the allegations.

89.     Answering paragraph 89, Defendants deny the allegations.

90.     Answering paragraph 90, Defendants deny the U.S. Bank National Association does not have standing to enforce the note.

91.     Answering paragraph 91, Defendants deny the allegations.

92.     Answering paragraph 92, Defendants deny the allegations.

93.     Answering paragraph 93, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  As to the remaining allegations in paragraph 85, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

94.     Answering paragraph 94, Defendants respond that the Deed of Trust and terms thereof speak for themselves.

95.     Answering paragraph 95, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information

upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

96.     Answering paragraph 96, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

97.     Answering paragraph 97, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

98.     Answering paragraph 98, Defendants deny the allegations.

99.     Answering paragraph 99, Defendants deny the allegations.

100.     Answering paragraph 100, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

101.     Answering paragraph 101, Defendants deny the allegations.

102.     Answering paragraph 102, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

103.     Answering paragraph 103, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information

upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

104.    Answering paragraph 104, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

105.    Answering paragraph 105, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

106.    Answering paragraph 106, Defendants deny the allegations.

107.    Answering paragraph 107, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

108.    Answering paragraph 108, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

109.    Answering paragraph 109, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

110.    Answering paragraph 110, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein

111.    Answering paragraph 111, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

112.   Answering paragraph 112, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

113.   Answering paragraph 113, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

114.   Answering paragraph 114, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

115.   Answering paragraph 115, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

116.   Answering paragraph 116, Defendants admit that Fidelity National Title Agency of Nevada is listed as the trustee.  Defendants deny that there was no proof of execution of an assignment of interest as original trustee to another party.  As to the remaining allegations, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

117.   Answering paragraph 117, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

118.   Answering paragraph 118, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information

upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

119.   Answering paragraph 119, Defendants answer that it contains legal conclusions and opinions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

120.   Answering paragraph 120, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

121.   Answering paragraph 121, Defendants deny the allegations.

122.   Answering paragraph 122, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

123.   Answering paragraph 123, Answering paragraph 119, Defendants answer that it contains legal conclusions and opinions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

124.   Answering paragraph 124, Defendants deny the allegations.

125.   Answering paragraph 125, Defendants answer that it contains legal conclusions and opinions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

126.    Answering paragraph 126, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

127.    Answering paragraph 127, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

128.    Answering paragraph 128, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

129.    Answering paragraph 129, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

130.    Answering paragraph 130, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

131.    Answering paragraph 131, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information

upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

132.   Answering paragraph 132, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

133.   Answering paragraph 133, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

134.   Answering paragraph 134, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

135.   Answering paragraph 135, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

136.   Answering paragraph 136, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

137.   Answering paragraph 137, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

138.   Answering paragraph 138, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information

upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

**COUNT I**

**(DISCLOSURE VIOLATION PURSUANT TO 15 U.S.C. 1635, ET. SEQ.)**

139.   Answering paragraph 139, Defendants repeat and reallege each and every answer to paragraphs 1 through 138, inclusive, as though fully set forth herein.

140.   Answering paragraph 140, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

141.   Answering paragraph 141, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

142.   Answering paragraph 142, Defendants deny the allegations.

143.   Answering paragraph 143, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

144.   Answering paragraph 144, Defendants deny the allegations.

**COUNT II**

**(DISCLOSURE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)**

145.   Answering paragraph 145, Defendants repeat and reallege each and every answer to paragraphs 1 through 144, inclusive, as though fully set forth herein.

146.   Answering paragraph 146, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

147.   Answering paragraph 147, Defendants deny the allegations.

148.   Answering paragraph 148, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

149.   Answering paragraph 147, Defendants deny the allegations.

**COUNT III**

**(RIGHT TO RESCIND VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET SEQ.)**

150.   Answering paragraph 150, Defendants repeat and reallege each and every answer to paragraphs 1 through 149, inclusive, as though fully set forth herein.

151.   Answering paragraph 151, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

152.    Answering paragraph 152, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

153.    Answering paragraph 153, Defendants deny the allegations.

### COUNT IV

### (RIGHT TO CANCEL VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)

154.    Answering paragraph 154, Defendants repeat and reallege each and every answer to paragraphs 1 through 153, inclusive, as though fully set forth herein.

155.    Answering paragraph 155, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

156.    Answering paragraph 156, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

157.    Answering paragraph 157, Defendants deny the allegations.

### COUNT V

### (DECEPTIVE GROUPING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)

158.    Answering paragraph 158, Defendants repeat and reallege each and every answer to paragraphs 1 through 157, inclusive, as though fully set forth herein.

159.    Answering paragraph 159, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

160.    Answering paragraph 160, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

161.    Answering paragraph 161, Defendants deny the allegations.

## COUNT VI

**(NO GOOD FAITH ESTIMATE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)**

162.    Answering paragraph 162, Defendants repeat and reallege each and every answer to paragraphs 1 through 161, inclusive, as though fully set forth herein.

163.    Answering paragraph 163, Defendants deny  the allegations.

164.    Answering paragraph 164, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

165.    Answering paragraph 165, Defendants deny the allegations.

## COUNT VII

**(CONSUMER STATEMENT MISSING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)**

166.   Answering paragraph 166, Defendants repeat and reallege each and every answer to paragraphs 1 through 165, inclusive, as though fully set forth herein.

167.   Answering paragraph 167, Defendants deny the allegations.

168.   Answering paragraph 168, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

169.   Answering paragraph 169, Defendants deny the allegations.

**COUNT VIII**

**(DISCLOSURE VIOLATIONS, PURSUANT TO TITLE 15 U.S.C. SECTION 1601, ET. SEQ. AND REGULATION Z)**

170.   Answering paragraph 170, Defendants repeat and reallege each and every answer to paragraphs 1 through 169, inclusive, as though fully set forth herein.

171.   Answering paragraph 171, Defendants deny the allegations.

172.   Answering paragraph 172, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

173.   Answering paragraph 173, Defendants deny the allegations.

**COUNT IX**

**(FAILURE TO DISCLOSE CALCULATION OF MORTGAGE BALANCE, PURSUANT TO TITLE 12 CFR SECTION 226.4, ET. SEQ.)**

174.   Answering paragraph 174, Defendants repeat and reallege each and every answer to paragraphs 1 through 173, inclusive, as though fully set forth herein.

175. Answering paragraph 175, Defendants deny the allegations.

176. Answering paragraph 176, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

177. Answering paragraph 177, Defendants deny the allegations.

## COUNT X

### (FAILURE TO DISCLOSE ITEMIZATION OF CHARGES, PURSUANT TO TITLE 12 U.S.C. 2610 ET. SEQ.)

178. Answering paragraph 178, Defendants repeat and reallege each and every answer to paragraphs 1 through 177, inclusive, as though fully set forth herein.

179. Answering paragraph 179, Defendants deny the allegations.

180. Answering paragraph 180, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

181. Answering paragraph 181, Defendants deny the allegations.

## COUNT XI

### (VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692)

182. Answering paragraph 182, Defendants repeat and reallege each and every answer to paragraphs 1 through 181, inclusive, as though fully set forth herein.

183. Answering paragraph 183, Defendants deny the allegations.

184. Answering paragraph 184, Defendants deny the allegations.

185.   Answering paragraph 185, Defendants deny the allegations.

186.   Answering paragraph 186, Defendants deny the allegations.

187.   Answering paragraph 187, Defendants deny the allegations.

188.   Answering paragraph 188, Defendants deny the allegations.

189.   Answering paragraph 189, Defendants deny the allegations.

190.   Answering paragraph 190, Defendants deny the allegations.

191.   Answering paragraph 191, Defendants deny the allegations.

192.   Answering paragraph 192, Defendants deny the allegations.

193.   Answering paragraph 193, Defendants deny the allegations.

**COUNT XII**

**(VIOLATIONS OF RESPA 12 U.S.C. 2601 ET. SEQ.)**

194.   Answering paragraph 194, Defendants repeat and reallege each and every answer to paragraphs 1 through 193, inclusive, as though fully set forth herein.

195.   Answering paragraph 195, Defendants are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations, and upon said grounds, deny each and every allegation therein.

196.   Answering paragraph 196, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

197.   Answering paragraph 197, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

198.   Answering paragraph 198, Defendants deny the allegations.

199.   Answering paragraph 199, Defendants deny the allegations.

## XIII

## (SLANDER OF TITLE/PETITION TO QUIET TITLE)

200. Answering paragraph 200, Defendants repeat and reallege each and every answer to paragraphs 1 through 199, inclusive, as though fully set forth herein.

201. Answering paragraph 201, Defendants deny the allegations.

202 Answering paragraph 202, Defendants deny the allegations.

203. Answering paragraph 203, Defendants deny the allegations.

204. Answering paragraph 204, Defendants deny the allegations.

205. Answering paragraph 205, Defendants deny the allegations.

206. Answering paragraph 206, Defendants deny the allegations.

207. Answering paragraph 207, Defendants deny the allegations.

208. Answering paragraph 208, Defendants deny the allegations.

209. Answering paragraph 209, Defendants deny the allegations.

210. Answering paragraph 210, Defendants deny the allegations.

211. Answering paragraph 211, Defendants deny the allegations.

## XIV

## (FRAUD AND MISREPRESENTATION NEVADA UNFAIR TRADE PRACTICES NRS 598A.010 – NRS 598A.280 ET. SEQ.)

212. Answering paragraph 212, Defendants repeat and reallege each and every answer to paragraphs 1 through 211, inclusive, as though fully set forth herein.

213. Answering paragraph 213, Defendants deny the allegations.

214. Answering paragraph 214, Defendants deny the allegations.

215. Answering paragraph 215, Defendants deny the allegations.

216. Answering paragraph 216, Defendants deny the allegations.

217. Answering paragraph 217, Defendants deny the allegations.

218. Answering paragraph 218, Defendants deny the allegations.

219. Answering paragraph 219, Defendants admit that a foreclosure was commenced.

220. Answering paragraph 220, Defendants deny the allegations.

## XV

## (DISCRIMINATION AND TILA VIOLATIONS)

221.    Answering paragraph 221, Defendants repeat and reallege each and every answer to paragraphs 1 through 220, inclusive, as though fully set forth herein.

222.    Answering paragraph 222, Defendants deny the allegations.

223.    Answering paragraph 223, Defendants deny the allegations.

## XVI.

## (NEGLIGENT SUPERVISION)

224.    Answering paragraph 224, Defendants repeat and reallege each and every answer to paragraphs 1 through 223, inclusive, as though fully set forth herein.

225.    Answering paragraph 225, Defendants answer that it contains legal conclusions to which no response is required, and no allegations to be admitted or denied.  To the extent a response is found to be required, Defendants answer that they are without sufficient knowledge or information upon which to base a belief as to the truth of the allegations because, among other things, the allegations are vague, ambiguous and unintelligible, and upon said grounds, deny each and every allegation therein.

226.    Answering paragraph 226, Defendants deny the allegations.

227.    Answering paragraph 227, Defendants deny the allegations.

228.    Answering paragraph 228, Defendants deny the allegations.

229.    Answering paragraph 229, Defendants deny the allegations.

230.    Answering paragraph 230, Defendants deny the allegations.

231.    Answering paragraph 231, Defendants deny the allegations.

## XVII.

## (DEFECTIVE TITLE SEARCH)

232.    Answering paragraph 232, Defendants repeat and reallege each and every answer to paragraphs 1 through 231, inclusive, as though fully set forth herein.

233.    Answering paragraph 233, Defendants deny the allegations.

234.    Answering paragraph 234, Defendants deny the allegations.

235. Answering paragraph 235, Defendants deny the allegations.

236. Answering paragraph 236, Defendants deny the allegations.

237. Answering paragraph 237, Defendants deny the allegations.

### XVIII.

### (FRAUDULENT APPRAISAL)

238. Answering paragraph 238, Defendants repeat and reallege each and every answer to paragraphs 1 through 237, inclusive, as though fully set forth herein.

239. Answering paragraph 238, Defendants deny the allegations.

240. Answering paragraph 240, Defendants deny the allegations.

241. Answering paragraph 241, Defendants deny the allegations.

### XIX.

### (BAD FAITH MEDIATION)

242. Answering paragraph 242, Defendants repeat and reallege each and every answer to paragraphs 1 through 241, inclusive, as though fully set forth herein.

243. Answering paragraph 243, Defendants deny the allegations.

244. Answering paragraph 244, Defendants deny the allegations.

245. Answering paragraph 245, Defendants deny the allegations.

246. Answering paragraph 246, Defendants deny the allegations.

247. Answering paragraph 247, Defendants deny the allegations.

248. Answering paragraph 248, Defendants deny the allegations.

### XX.

### (COMMON LAW FRAUD AND INJURIOUS FALSEHOOD)

249. Answering paragraph 249, Defendants repeat and reallege each and every answer to paragraphs 1 through 248, inclusive, as though fully set forth herein.

250. Answering paragraph 250, Defendants deny the allegations.

251. Answering paragraph 251, Defendants deny the allegations.

252. Answering paragraph 252, Defendants deny the allegations.

253. Answering paragraph 253, Defendants deny the allegations.

254.   Answering paragraph 254, Defendants deny the allegations.

255.   Answering paragraph 255, Defendants deny the allegations.

256.   Answering paragraph 256, Defendants deny the allegations.

257.   Answering paragraph 257, Defendants deny the allegations.

258.   Answering paragraph 258, Defendants deny the allegations.

259.   Answering paragraph 259, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are bared by the doctrine of unclean hands and other equitable principles, including Plaintiff's own failure to do equity.  Among other things, Plaintiff has failed to tender the amount due under the promissory note which is a condition for bringing this action and/or obtaining the relief sought.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

The damages, if any, suffered by Plaintiff were caused in whole or in part by the negligence and/or intentional acts of third parties over which Defendants had no control nor any right to control.

### SIXTH AFFIRMATIVE DEFENSE

Defendants committed no wrongful acts as to Plaintiff and, therefore, they are not responsible for the damages to Plaintiff, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived any right to bring this action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in that Plaintiff is *in pari delicto* with respect to the events alleged.

### NINTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Plaintiff's losses, if any, are speculative and/or uncertain, and therefore, not compensable.

### TENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereon allege that Plaintiff, by virtue of his acts, omissions, conduct, statements and/or representations is estopped from bringing this action.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to an offset of any amounts paid to Plaintiff for damages allegedly sustained in this action, including any and all amounts paid by or on behalf of any tortfeasor, against any amounts that may be found to be owed by Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants' actions were proper and not in violation of any federal, state or local statutes or codes.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants allege that at all times mentioned in the Complaint, Defendants acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose.  Further, Defendants acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendants were justified under the circumstances based on information reasonably available to Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

Assuming *arguendo* that Defendants violated any statute or code, which violation Defendants deny, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FIFTEENTH AFFIRMATIVE DEFENSE

The rights and remedies available to Plaintiff with regard to the allegations contained in

28

Plaintiff's Complaint are governed by the mortgage agreement and related documents, and all terms stated therein. Plaintiff's action herein is barred, restricted, and/or limited accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to offset and recoupment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The federal and state laws Plaintiff cites do not confer a private right of action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's improper service of the Complaint and/or Summonses renders service of no effect.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants hereby incorporate by reference those affirmative defenses enumerated in FRCP 8(c) as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendants reserve the right to seek leave of court to amend their Answer to specifically assert any such defense(s). Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

### TWENTIETH AFFIRMATIVE DEFENSE

Pursuant to FRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' Answer to the Complaint and, therefore, Defendants reserve the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, the Defendants pray as follows:

1.   That Plaintiff takes nothing by way of the Complaint as against Defendants herein;

2.   For reasonable attorneys' fees and costs for having to defend against this suit; and,

///

///

///

///

///

3.      For such other and further relief as the Court deems just and proper.

DATED: August 22, 2012            DUANE MORRIS LLP


By: _____
      Dominica C. Anderson (SBN 2988)
      Brian A. Neighbarger (SBN 11225)

Attorneys for U.S. Bank National Association, U.S.
Bank Home Mortgage, U.S. Bank Home Mortgage
Outsourcing, and Merscorp.

## CERTIFICATE OF SERVICE

1.   On August 22, 2012, I served the following document(s):

**ANSWER**

2.   I served the above-named document by the following means to the persons listed below:

a.   By electronic transmission through the CM/EFC filing system of the US Bankruptcy Court, District of Nevada

**Matthew K. Schriever: mschriever@wildelaw.com;**
**Gregory L. Wilde: feddc@wildelaw.com**

b.   By United States Postal Service:

**Godson Eruchalu**
**7730 North Jones Blvd.**
**Las Vegas, NV 89131**

3.   I declare under penalty of perjury that the foregoing is true and correct.

SIGNED: August 22, 2012

Jennifer Coogan_____           /s/ Jennifer Coogan_____
(Name of Declarant)                 (Signature of Declarant)