UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GODSON ERUCHALU, | 2:12-cv-01264-MMD-VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| U.S. BANK, NATIONAL ASSOCIATION, *et al.*, | **(Motion To Compel #5)** |
| Defendants. | |

Before the court is plaintiff Godson Eruchalu's Motion To Compel Defendants' Attorneys To Submit Affidavit To This Court Stating Whether Or Not They Are Representing The Holder In Due Course And The Creditor In This Matter. (#5). Defendants National Default Servicing Corporation (hereinafter "National Default") and Tiffany & Bosco, PA (hereinafter "T&B") filed an Opposition (#7), and defendants U.S. Bank National Association, U.S. Bank Home Mortgage, U.S. Bank Home Mortgage Outsourcing (hereinafter collectively referred to as "U.S. Bank Defendants"), and MERS filed a Joinder (#13) thereto. Plaintiff did not file a Reply.

A.  **Background**

Plaintiff filed his complaint on July 17, 2012, asserting claims against the defendants relating to the alleged wrongful foreclosure of his house. (#1). Summons were issued on the same day as to all defendants. (#2). However, to date, no summons have been returned executed. Plaintiff filed the instant motion to compel on July 23, 2012 (#5), and despite not being properly served in this action, defendants National Default and T&B filed an opposition (#7) and an answer to the complaint (#8) on August 14, 2012. On August 21, 2012, the court received a letter from counsel on behalf of U.S. Bank

National Association and MERS, stating that they had not been properly served in this action, but that they contacted plaintiff regarding accepting service and have not received a response. (#11). On August 22, 2012, the U.S. Bank Defendants and MERS filed their answer (#12) and a joinder to the defendants' opposition to plaintiff's motion to compel (#13).

**B.     Relevant Law**

Pursuant to Federal Rule of Civil Procedure 26(f), "the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Under Local Rule 26-1(d), "[c]ounsel for plaintiff shall initiate the scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears."

Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Local Rule 16-7 states that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."

**C.     Discussion**

The plaintiff has not initiated the scheduling conference as required by LR 26-1(d), and no discovery plan and scheduling order has been filed. Therefore, plaintiff may not seek discovery from any source, and the instant motion to compel is premature. *See* Fed. R. Civ. P. 26(d). Even if discovery had commenced, plaintiff's motion to compel would be denied, as plaintiff did not comply with LR 16-7, and did not meet and confer in a "sincere effort to" resolve the matter without court action.

The court recognizes that the plaintiff is proceeding *pro se* and that he is held to a less stringent standard. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 584 (1972)(holding that *pro se* plaintiffs are

held to a less stringent standard than those who are represented by counsel.).  Plaintiff is advised, however, that he is required to familiarize himself with the Federal Rules of Civil Procedure as well as the Local Rules of this court, and that a failure to comply with these rules could warrant future sanctions.  See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff Godson Eruchalu's Motion To Compel Defendants' Attorneys To Submit Affidavit To This Court Stating Whether Or Not They Are Representing The Holder In Due Course And The Creditor In This Matter (#5) is DENIED.

DATED this 29th day of August, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE