UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GODSON ERUCHALU,<br><br>Plaintiff,<br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION;<br>U.S. BANK HOME MORTGAGE; U.S.<br>BANK HOME MORT OUTSOURCING;<br>NATIONAL DEFAULT SERVICING CORP;<br>MERSCORP; TIFFANY & BOSCO PA;<br>FIRST OPTION MORTGAGE,<br><br>Defendants. | Case No. 2:12-cv-01264-MMD-VCF<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 24;<br>Plf's Motion to Supplement – dkt. no. 34) |

**I.      SUMMARY**

Before the Court is Defendant First Option Mortgage's ("First Option") Motion to Dismiss. (Dkt. no. 24.) Defendants U.S. Bank National Association, U.S. Bank Home Mortgage, U.S. Bank Home Mort Outsourcing (collectively "US Bank"), MERSCORP, National Default Servicing Corp ("NDSC"), and Tiffany & Bosco PA ("Tiffany Bosco") have filed joinders to the motion. (Dkt. nos. 26, 27.) The Court has also considered Plaintiff's opposition (dkt. no. 30), and First Option's reply (dkt. no. 32).  Also before the Court is Plaintiff's Motion for Leave to File Supplemental Support. (Dkt. no. 34.) The Court has also considered Defendants' oppositions (dkt. no. 36), and Plaintiff's reply,

(dkt. no. 41). For the reasons discussed below, Defendants' Motion is granted in part and denied in part. As the Court considers Plaintiff's supplemental information, Plaintiff's motion is granted.

## II.     BACKGROUND

This case arises from Plaintiff's purchase of real property in Clark County, Nevada, and the subsequent non-judicial foreclosure proceedings. The Complaint alleges the following facts:

On or about August 27, 2010, Plaintiff executed a Deed of Trust and a Note for $330,548.00.  The Deed of Trust stated that First Option Mortgage was the Lender and Beneficiary and MERS was the nominee for the Beneficiary.  The Deed of Trust was secured by the property located at 7730 North Jones Boulevard, Las Vegas, Nevada 89131 (herein after "Property"). Immediately after the loan closed, Plaintiff's Note was securitized, pooled, and sold as a "stock." Plaintiff was never informed of any assignments.  At some point thereafter, US Bank began servicing the Note. Plaintiff made requests to see the original "wet signature" Note, Deed of Trust, and subsequent assignments. Those requests were ignored or denied. The loan was foreclosed upon.

Plaintiff alleges that First Option and US Bank charged Plaintiff, an African American borrower, higher discretionary broker fees and retail loan markups than other non-African American borrowers. Plaintiff was allegedly charged higher interest rates on the basis of his race. First Option allegedly had knowledge of its mortgage loan officer's discriminatory acts but gave those same loan officers unguided discretion in loan pricing. Moreover, First Option allegedly shared the discriminatory overages with the mortgage loan officers and wholesale mortgage buyers.

Plaintiff also alleges that First Option should be held liable for the acts of its preferred appraisers, who allegedly over-appraised the Property. Additionally, Plaintiff alleges that First Option should be held liable for the acts of the title company for failure to discover and disclose encumbrances and defects on the Property relating to City Special District Zoning.

The Complaint alleges claims for (1-10) violations of the Truth in Lending Act ("TILA") and Regulation Z ("Reg Z") propagated thereunder, (11) failure to comply with the Fair Debt Collection Practices Act ("FDCPA"), (12) violations of the Real Estate Settlement Procedures Act ("RESPA"), (13) slander of title/quiet title, (14) fraud and misrepresentation/unfair trade practices, (15) discrimination under the Fair Housing Act ("FHA")/Equal Credit Opportunity Act ("ECOA")/Title II of the Civil Rights Act of 1964 ("Title II")/TILA, (16) negligent supervision, (17) defective title search, (18) fraudulent appraisal, (19)[1] bad faith mediation, and (20) common law fraud/injurious falsehood. (Dkt. no. 1.)

## III.    DISCUSSION

### A.    Legal Standard

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (*quoting Twombly*,

---

[1] The Complaint numbers both Counts 18 and 19 as Count 18. Therefore, this Order renumbers each subsequent Count and refers to each by the correctly numbered cause of action.

550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

Normally, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

///

///

### B. Plaintiff's Violation of the Local Rule Governing Page Limits

As a preliminary matter, Defendants object to Plaintiff's briefs as they all exceed the Local Rules' page limits. Specifically, Plaintiff's Opposition to Defendants' Motion to Dismiss is 57 pages, excluding exhibits. Additionally, Plaintiff's Motion to Supplement his Opposition to the Motion to Dismiss is 51 pages, excluding exhibits,[2] and the reply is 24 pages excluding exhibits. Plaintiff responds that NDSC and Tiffany Bosco's "last minute joinder" compelled him to supplement the opposition to "provide the Court with this new evidence."

Local Rule 7-4 establishes a 30-page limit for motions and oppositions and a 20-page limit for the reply brief, and requires prior authorization from the Court to exceed such limits. Plaintiff has not sought or obtained the permission of this Court to exceed these page limits before he filed his briefs. Although the Court is not obligated to consider any arguments contained in the excess pages, the Court considers Plaintiff's arguments in only this instance. The Court strongly cautions Plaintiff to comply with by Court's Local Rules. Proceeding *pro se* does not give Plaintiff free license to disregard this Court's rules of procedure.

### C. Defendants' Motion to Dismiss

#### 1. Counts 1 & 4 – TILA Disclosures under 15 U.S.C. § 1635 and Reg Z Cancellation under 12 C.F.R. § 226

15 U.S.C. § 1635 provides the right of rescission as to certain credit transactions. However, the right of rescission does not apply to residential mortgage transactions. 15 U.S.C. § 1635(e)(1). A residential mortgage transaction "means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such

---

[2] As much of Plaintiff's arguments appear in the exhibits and many exhibits are missing, the Court agrees with Defendants that Plaintiff's motion consists of 51 pages of arguments with an additional 51 pages of attached exhibits.

dwelling." 15 U.S.C. § 1602(x). Like TILA, Reg Z provides a right of rescission but the right does not apply to residential mortgage transactions. 12 C.F.R. § 226.23(f)(1). Therefore, any accompanying required notices would also not apply.

Here, Plaintiff's Complaint is premised on a residential mortgage transaction in that Plaintiff "executed a Fixed Rate Note and a Deed of Trust" whereby Plaintiff would pay monthly installments. (Compl. at ¶¶ 21-24.) As the remedy of rescission that Plaintiff seeks under Count 1 does not apply to residential mortgage transactions such as this, Plaintiff's claim fails as a matter of law. Count 4 similarly seeks rescission as a remedy because this claim is based on the allegation that "[t]here was no separate form to cancel, as required by [Reg Z]." Compl. at ¶ 155. Again, the remedy of rescission and accompanying required notices are not applicable to a residential mortgage transaction.

Thus, dismissal of these claims is proper because the Complaint does not allow the Court to draw a reasonable inference that the Defendants are liable for the alleged misconduct under any viable legal theory. In light of the cited precedent, dismissing these claims without prejudice would be improper because Plaintiff cannot amend his Complaint to allege facts sufficient to support these allegations. Therefore, Plaintiff's first and fourth claims are dismissed with prejudice.

    **i.**  **Counts 2, 3, 5, 6, 7, 8, 9, and 10 – Reg Z Disclosures, Rescission, Deceptive Grouping, Bad Faith Estimate, Consumer Statement, Other Disclosures, Calculation of Mortgage Balance, Itemization of Charges, Acceleration Statements**

Any claim arising under TILA is limited by a one-year statute of limitations. 15 U.S.C. § 1640(e); *King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986) (explaining that the limitations period runs from the date of the transaction). The statute of limitations period begins to run upon execution of the contract because plaintiff possesses all information relevant to the discovery of any non-disclosures at the time the documents of the loan are signed. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). However, equitable tolling may, "in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover

the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915.

Here, the loan agreement in dispute was signed on August 27, 2010. This suit did not commence until July 17, 2012, nearly two (2) years after signing. Plaintiff has offered no facts or argument that he was unable to discover the fraud or nondisclosures at the time of the signing of the loan documents. Thus, Plaintiff's TILA claims are time-barred. However, the Court finds amendment would not be futile because Plaintiff could allege facts showing the equitable tolling doctrine should apply in this case.

Defendants ask the Court to dismiss these claims with prejudice arguing that the proffered documents show Plaintiff was given the documents he alleges he never received. The Court notes that Defendants have attached as exhibits several documents purported to be signed by Plaintiff acknowledging receipt of the documents Plaintiff alleges he was never given. However, the Court does not consider these documents either in ruling on the motion to dismiss or converting the motion to one for summary judgment. Specifically, the attached documents are not documents *whose contents* are alleged in the Complaint; rather, Plaintiff alleges he never received the documents at all. Moreover, even if the Court converted the motion to one for summary judgment, the Court could not consider the documents as they have not been authenticated pursuant to Federal Rules of Evidence 901 and 902.

Therefore, the Court dismisses these claims but gives Plaintiff leave to amend to allege facts showing the equitable tolling doctrine should apply.

### ii. Count 11 – FDCPA Violations

Plaintiff's eleventh claim pursuant to the "Fair Debt Collection Act" alleges Defendants US Bank, First Option, NDSC, MERS, and Tiffany Bosco all "assisted in the filing of an unlawful foreclosure action" and "threatened to unlawfully repossess the plaintiff's property." (Compl. at ¶ 182-93). However, Plaintiff's claim fails as a matter of law because it is well established that "non judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes."

*Ellis v. World Sav. Bank, FSB*, No. 3:11-cv-0473-LRH-VPC, 2011 WL 6396568 *2 (D. Nev. Dec. 20, 2011). Thus, dismissal of this claim is proper because the Complaint does not allow the Court to draw a reasonable inference that the Defendants are liable for the alleged misconduct under any viable legal theory. In light of the cited precedent, dismissing this claim without prejudice would be improper because Plaintiff cannot amend his Complaint to allege facts sufficient to support this allegation. Therefore, Plaintiff's eleventh claim is dismissed with prejudice.

### iii.    Count 12 – RESPA Violations

Defendants seek dismissal of Count 12 by offering documents Plaintiff alleges he never received, namely the "notice of change of servicer." However, as discussed above, the Court cannot and does not consider these documents for two reasons. First, in ruling on the motion to dismiss, the attached documents are not documents *whose contents* are alleged in the Complaint; thus, the Court cannot consider the documents under this standard. Second, in converting the motion to one for summary judgment, the Court cannot consider the documents as they have not been authenticated pursuant to Federal Rules of Evidence 901 and 902. Therefore, as to this claim, the motion to dismiss is denied.

### iv.    Count 13 – Quiet Title/Slander of Title

An action to quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property. *MacDonald v. Krause*, 362 P.2d 724, 727 (Nev. 1961). A widely accepted rule in such actions is that the party must tender the undisputed amount due and owed to challenge the validity of the sale. *See, e.g., Abdallah v. United Savings Bank*, 43 Cal.App. 4th 1101, 1109 (Cal.Ct.App. 1996). In essence, he who seeks equity must do equity. *See McQuiddy v. Ware*, 87 U.S. 14, 19 (1873). To state a slander of title claim under Nevada law, a plaintiff must allege "false and malicious communications, disparaging to [his] title in land, and causing special damage." *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, Plaintiff has admitted the "loan went into default." (Compl. at ¶ 48.) Plaintiff's slander of title or quiet title claim is premised on the theory that each assignment was invalid and, thus, Defendants had no legal right to record any documents because Defendants had no interest in the Property. The "falsity" Plaintiff complains of is that the representations that "claim an interest in the property" were false. However, this claim relies on legal theories rejected by this Court and the Ninth Circuit, namely "split the note," "extinguished note," "securitization voids the deed of trust," and "sham beneficiary" theories. *See e.g. Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (split the note); *Dyson Fourness v. Mortgage Elec. Registration Sys., Inc.*, No. 3-10-cv-40-ECR-RAM, 2010 WL 5071049 (D. Nev., Dec. 6, 2010) (extinguish the note); *Chavez v. Cal. Reconveyance Co.*, No. 2:10-cv-00325-RLH-LRL, 2010 WL 2545006 (D. Nev. June 18, 2010) (securitization voids the deed of trust);*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043–1044, 1047 (9th Cir. 2011)(sham beneficiary). Plaintiff's theory that insurance or tax credits, federal bailout funds, or other monies paid by investors somehow extinguished his mortgage obligation is patently incorrect. Thus, these claims fail as a matter of law and it is absolutely clear that the deficiencies cannot be cured by amendment. Plaintiff may not amend this claim.

    v.  **Count 14 – Unfair Trade Practices under NRS Chapter 598A**[3]

Chapter § 598A does not relate to real property or recordation of documents associated with real property. § 598A relates to antitrust and restraints on trade, neither of which are at issue here. NRS 598A.030-060 inclusive. Therefore, 598A does not

///

---

[3] This cause of action references "fraud and misrepresentation" but specifically refers to Nevada statutes dealing with Unfair Trade Practices. Additionally, Plaintiff's twentieth cause of action is for common law fraud. Therefore, the Court construes this claim as one for Unfair Trade Practices and analyzes the fraud claims with claim twenty.

provide an avenue of relief to Plaintiff. Amendment cannot cure the claim as it fails as a matter of law. Therefore, this claim is dismissed with prejudice.

### vi. Count 15 – Discrimination under the FHA, ECOA, Title II/TILA

Defendants seek to dismiss this claim for discrimination arguing that it "is nearly incomprehensible" and does not distinguish between Defendants. Defendants' argument is solely that Defendants are not sufficiently on notice of the allegations to respond. However, earlier in Plaintiff's Complaint, Plaintiff specifically alleges that First Option and US Bank participated in the alleged discriminatory acts. (Compl. at ¶¶ 104-15.)

Therefore, the Court finds that this claim specifically identifies US Bank and First Option as the alleged perpetrators of the discrimination, and denies the motion to dismiss as to US Bank and First Option. However, as Plaintiff's Complaint makes no allegations as to MERSCORP, NDSC, and Tiffany Bosco respecting this claim, the claim is dismissed as to MERSCORP, NDSC, and Tiffany Bosco.

### vii. Counts 16 and 20 – Negligent Supervision and Common Law Fraud/Injurious Falsehood

Defendants seek to dismiss claim 16 for negligent supervision arguing that it is, in fact, a claim for fraud because it alleges "Defendants' use of deceit or trickery." To that end, Defendants argue the claim does not comport with Rule 9(b)'s heightened pleading standard. Defendants raise the same arguments for claim 20 for common law fraud.

"Complaints alleging fraud must comply with both [Federal Rules of Civil Procedure] 8(a) and 9(b)." *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 828 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc)). Claims of fraud must, in addition to pleading plausible allegations, also plead these allegations with particularity. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1056 (9th Cir. 2011). Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud." This rule requires that claims of fraud be accompanied

by the "who, what, when, where, and how" of the conduct charged, *Vess v. CibaGeigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (*quoting Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)), so that the complaint does not simply "lump multiple defendants together." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). This requirement ensures that the defendants are on "notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106.

As to Claim 16, the Complaint attempts to impose liability on individual defendants for the allegedly fraudulent acts of their employees and agents. However, as to both Claims 16 and 20, the Complaint does not adequately plead a claim for fraud under the heightened pleading standard. Specifically, the Complaint does not give an account of the time, place, or identity of the party making the representation. Additionally, Plaintiff lumps all Defendants together and does not give Defendants any meaningful opportunity to refute or defend against the claims. The Complaint lacks specific references regarding which Defendants were involved in the misrepresentation, what they knew, where the alleged collusion took place, or any other information that would allow Defendants to defend against the allegations.

Therefore, the Court dismisses these claims but gives Plaintiff leave to amend to allege additional facts that specify the time, place, and identity of the party making the representations and specific references regarding which Defendants were involved in the representations or deceitful acts.

        **viii.    Counts 17 and 18 – Defective Title Search and Fraudulent Appraisal**

In claims 17 and 18 for defective title search and fraudulent appraisal, Plaintiff seeks to impose liability on Defendants for "the negligence of their preferred Title company" (Compl. at ¶ 235), and "the negligence of an independent appraiser when the lender adopts the appraiser's opinion as its own or when the relationship between the lender and appraiser justifies holding the lender liable." (Compl. at ¶ 240.)  However,

1  Nevada law imposes liability under a theory of respondeat superior "only when the
2  employee is under the control of the employer and when the act is within the scope of
3  employment." *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1179 (Nev. 1996).
4  Here, Plaintiff has not alleged any agency relationship showing that the title company or
5  appraisers were under the control of the lender, or that the alleged negligent acts were
6  within the scope of the relationship. Absent these allegations, Plaintiff has failed to state
7  a claim upon which relief may be granted. The Court dismisses these claims but gives
8  Plaintiff leave to amend to allege additional facts that signify a legal agency relationship,
9  assent to the relationship, control over the agent, and the scope of the relationship.

### ix. Count 19 – Bad Faith Mediation

Defendants seek to dismiss claim 19 because it does not identify who was responsible for the alleged gross misconduct. Defendants are correct in that the Complaint alleges that some Defendants "failed to show during a hearing to show cause" pursuant to Nevada Foreclosure Mediation Rules, and that "Defendant appeared at the mediation with no documents." (Compl. at ¶¶ 244-46.) The Complaint does not adequately distinguish between which defendants did what.[4] Therefore, this claim is dismissed with leave to amend to identify which Defendant committed the alleged acts of misconduct specifically.

///
///
///
///
///
///

---

[4] Plaintiff attempts to cure this deficiency in his opposition to the motion to dismiss by arguing that First Option was not present at the mediation and that US Bank sent a representative who conducted bad faith mediation. (Dkt. no. 30 at 24.) However, allegations in an opposition brief cannot cure an otherwise deficient Complaint.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Supplement (dkt. no. 34) is GRANTED.

IT IS FURTHER ORDERED that Defendant First Option Mortgage's Motion to Dismiss (dkt. no. 24) is GRANTED in part and DENIED in part, as follows:

(1) GRANTED as to Claims 1, 4, 11, 13, and 14, which are dismissed with prejudice. Plaintiff may not amend these claims.

(2) GRANTED as to Claims 2, 3, 5, 6, 7, 8, 9, 10, 15 as to MERSCORP, NDSC, and Tiffany Bosco, 16, 17, 18, 19, and 20 are dismissed with leave to amend. Plaintiff must submit an amended complaint within fourteen (14) days of this order. Failure to submit an amended complaint by this deadline will result in dismissal of these claims with prejudice.

(3) DENIED as to claim 12 relating to all Defendants and claim 15 relating to US Bank and First Option.

DATED THIS 6th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE