UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GODSON ERUCHALU,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. BANK, NATIONAL ASSOCIATION, *et al.*,<br><br>    Defendants. | 2:12-cv-01264-MMD-VCF<br><br>**ORDER**<br><br>**(Plaintiff's Proposed Discovery Plan and Scheduling Order #55 and Defendants' Proposed Discovery Plan and Scheduling Order #65)** |

Before the court is Plaintiff's Proposed Discovery Plan and Scheduling Order. (#55). Defendant First Option Mortgage, LLC's (hereinafter "First Option") filed an Objection to Plaintiff's Proposed Discovery Plan and Scheduling Order (#55). (#64). Defendants National Default Servicing Corporation and Tiffany & Bosco, P.A. filed a Joinder to the Objection to Plaintiff's Proposed Discovery Plan and Scheduling (#70), and Defendants Merscorp, U.S. Bank National Association, U.S. Bank Mortgage, and U.S. Bank Home Mortgage, LLC filed a Joinder to the Objection to Plaintiff's Proposed Discovery Plan and Scheduling (#71).

Also before the court is defendant First Option's Proposed Discovery Plan and Scheduling Order (#65).

The court held a hearing on August 8, 2013. (#87).

**A.   Background**

Plaintiff filed his complaint on July 17, 2012, asserting claims against the defendants relating to a loan and deed of trust. (#1). On September 13, 2012, defendant First Option filed a motion to dismiss and memorandum of points and authorities. (#23 and #24). On September 20, 2012, defendants

Merscorp, U.S. Bank, National Association, US Bank Home Mortgage Outsourcing, and US Bank Home Mortgage filed a joinder (#26) thereto.  On September 21, 2012, defendant National Default Servicing Corporation also filed a joinder.  (#27).  On September 30, 2012, plaintiff filed an opposition to the motion to dismiss. (#30).  On October 10, 2012, defendant First Option filed a reply in support of its motion to dismiss.  (#32).  On October 29, 2012, defendants Merscorp, U.S. Bank, National Association, US Bank Home Mortgage Outsourcing, and US Bank Home Mortgage filed a joinder (#37) to First Option's reply (#32).

On October 10, 2012, plaintiff filed a motion for leave to file supplemental support, asserting that he had newly discovered evidence. (#34).  On October 23, 2012, plaintiff filed a supplement to his motion for leave. (#35).  On October 29, 2012, defendant First Option filed a response to the motion for leave (#35). (#36).  Also on October 29, 2012, defendants Merscorp, U.S. Bank, National Association, US Bank Home Mort Outsourcing, and US Bank Home Mortgage filed a joinder to defendant First Option's response (#36). (#37).

On November 2, 2012, defendants filed a proposed discovery plan and scheduling order, stating that the court should issue a discovery stay pending the resolution of First Option's motion to dismiss (#23). (#38).  Defendants asserted that they attempted to stipulate to the stay of discovery with plaintiff, but that plaintiff was not in agreement. *Id.*  On the same day, the court issued a minute order scheduling a discovery hearing for November 27, 2012 (#39), and plaintiff filed his proposed discovery plan and scheduling order (#40).  Plaintiff asserted in his discovery plan that the court should not stay discovery and that discovery should commence "immediately in order to gather the relevant facts in this matter." (#40).

On November 27, 2012, the court held a hearing regarding a stay of discovery in this action. (#48).  The court issued a written order the same day, holding that:

> Having reviewed the complaint (#1) and the points and authorities for (#32) and against (#30) the pending motion to dismiss (#23) and joinders

> (#26, #27, and #37), the court finds a strong likelihood that a significant portion, if not all, of plaintiff's complaint (#1) will be dismissed as a matter of law. The court finds that, in accordance with Federal Rule of Civil Procedure 1, the parties should not be forced to expend resources in discovery until the District Judge decides the legal viability of plaintiff's claims. *See* Fed. R. Civ. P. 1 (stating that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). The court also finds that the plaintiff will not suffer undue prejudice as a result of the stay. Plaintiff stated during the hearing that he is currently residing at the property in question and has not made a mortgage payment since November, 2010. The stay would properly maintain the status quo while the District Judge rules on the motion to dismiss (#23).

(#49). The court stayed discovery until June 30, 2013, and held that "if any of plaintiff's claims remain after Judge Du decides the Motion to Dismiss (#23), the parties must prepare a Discovery Plan and Scheduling Order based on a Discovery Cut Off Date set 180 Days after the Entry of Judge Du's decision on the Motion to Dismiss (#23)." *Id.* The court stated "[t]he Discovery Plan and Scheduling Order must be filed within 15 days of Judge Du's decision. If No Decision is Entered by June 15, 2013, the parties must prepare and file, on or before June 30, 2013, a Discovery Plan and Scheduling Order with a Cut Off Date of January 15, 2014." *Id.*

On June 6, 2013, the court issued an order granting plaintiff's motion to supplement (#34), and granting in part and denying in part defendant First Option's motion to dismiss (#24) as follows:

(1) GRANTED as to Claims 1, 4, 11, 13, and 14, which are dismissed with prejudice. Plaintiff may not amend these claims.

(2) GRANTED as to Claims 2, 3, 5, 6, 7, 8, 9, 10, 15 as to MERSCORP, NDSC, and Tiffany Bosco, 16, 17, 18, 19, and 20 are dismissed with leave to amend. Plaintiff must submit an amended complaint within fourteen (14) days of this order. Failure to submit an amended complaint by this deadline will result in dismissal of these claims with prejudice.

(3) DENIED as to claim 12 relating to all Defendants and claim 15 relating to US Bank and First Option.

(#52). On June 20, 2013, plaintiff filed his amended complaint (#53) and a memorandum of law in support of the amended complaint (#54). On June 25, 2013, plaintiff filed a discovery plan and scheduling order. (#55). On June 26, 2013, plaintiff filed a motion to admit newly discovered evidence and to consolidate previously submitted exhibits. (#56). On July 3, 2013, defendant First Option filed a motion to dismiss amended complaint (#53). (#57). On July 5, 2013, plaintiff filed a motion for temporary/permanent injunctive relief (#59) and a motion to stay foreclosure (#60).

On July 8, 2013, defendants Merscorp, U.S. Bank, National Association, US Bank Home Mort Outsourcing, US Bank Home Mortgage filed a joinder to the motion to dismiss (#61), and defendants National Default Servicing Corp., Tiffany & Bosco Pa filed a joinder to the motion to dismiss (#62). On July 10, 2013, First Option filed an objection to plaintiff's proposed discovery plan and Scheduling Order (#55) (#64) and its own proposed discovery plan and scheduling order (#65). On July 16, 2013, defendants National Default Servicing Corporation and Tiffany & Bosco, P.A. filed a joinder to First Option's objection (#64) (#70), and defendants Merscorp, U.S. Bank National Association, U.S. Bank Mortgage, and U.S. Bank Home Mortgage, LLC filed a joinder to First Option's objection (#64). (#71). Plaintiff filed a response to First Option's objection (#64). (#72).

On July 24, 2013, the court issued a minute order scheduling a discovery status hearing for August 8, 2013. (#77). The court heard arguments from the parties regarding the discovery stay in this action, continued the stay of discovery, and stated that a written order would follow.

**B.     Discovery**

Plaintiff's proposed discovery plan and scheduling order provides for a discovery period of one-hundred and eighty (180) days from the date of Judge Du's order on the motion to dismiss (#52). (#55). Defendant First Option objects to plaintiff's proposed discovery plan and scheduling order (#55) based on the following  arguments: (1) "First Option was never consulted with, nor contacted in any way, regarding this plan," (2) "none of the other Defendants were contacted by Plaintiff regarding this

Proposed Discovery Plan," (3) "the proposed plan contains misrepresentations as to the parties' previous agreement on the terms of discovery," and (4) "First Option has filed a Motion to Dismiss on Plaintiff's entire Amended Complaint," and (5) "[h]ad Plaintiff actually attempted to contact First Option to discuss the discovery dates, he would have learned that First Option contends that a second stay in discovery is warranted based on the likelihood of success of its Motion to Dismiss." (#64). Defendant First Option asserts that the court should continue the stay of discovery in this action, as "the pleadings recently filed by Plaintiff evidence that if a stay is not issued, First Option will be forced to incur substantial costs and fees dealing with the procedurally improper or untimely filings." *Id.*

First Option contends that plaintiff's amended complaint (#53) is 144 pages long (excluding exhibits), that plaintiff filed a memorandum (#54) that is 39 pages, and that plaintiff filed a motion to admit newly discovered evidence (#56) that is over 500 pages. *Id.* First Option states that "[t]he additional claims contained in Plaintiff's First Amended Complaint, in conjunction with the excessive pleadings filed since the First Amended Complaint, indicate that First Option will be required to incur significant and substantial costs if it is required to begin discovery." *Id.* The remaining defendants filed joinders to First Option's arguments. (#70 and #71)

Defendant First Option's proposed discovery plan and scheduling order asks this court to continue the stay "until such time as the Court rules on First Option's Motion to Dismiss First Amended Complaint," and asserts that the defendants "agree to a 180-day discovery timeline following the ruling on First Option's Motion to Dismiss First Amended Complaint." (#65). Plaintiff's response to the objection states that he filed the June 21, 2013, discovery plan based on the "original agreement with the parties since the Rule 26(f) conference had already been held and matters agreed among the parties." (#72). Plaintiff argues that the court should not continue the stay as such delay would "waste the precious time of this Honorable Court;" and "deny Plaintiff from having his day in Court." *Id* (emphasis in original).

As the court held during the hearing, the court finds that continuing the stay of discovery is warranted. (#87). On June 6, 2013, the Honorable Judge Du issued an order dismissing several claims *with prejudice* and several claims *without prejudice*. (#52). The court provided plaintiff fourteen (14) days to file an amended complaint to cure deficiencies of several claims. *Id.* On June 20, 2013, plaintiff filed his amended complaint (#53) and memorandum in support of his amended complaint (#54).

A review of the amended complaint (#53) and memorandum (#54) demonstrates that plaintiff did not comply with Judge Du's order regarding amending the complaint (#52). Plaintiff's sixth and seventh claims for relief were dismissed *with prejudice* <u>without</u> leave to amend. (#52). Despite Judge Du's order (#52), plaintiff improperly included these claims in his amended complaint (#53). Jude Du's order dismissed plaintiff's tenth, eleventh, twelfth, fifteenth, sixteenth, and seventeenth claims for relief *without prejudice* based on the fact that the statute of limitations had expired, and provided plaintiff leave to amend to include facts showing the equitable tolling doctrine should apply. (#52). Plaintiff's amended complaint (#53) does not attempt to cure the statute of limitations deficiencies pointed out in Judge Du's order (#52). Judge Du's order also permitted plaintiff to amend his twenty-fourth and twenty-fifth claims for relief to allege additional facts demonstrating a legal agency relationship, assent to the relationship, control over the agent, and the scope of the relationship. (#52). The amended complaint (#53) does not contain any such allegations.

If plaintiff had complied with Judge Du's order (#52) regarding amending the claims, this court would be inclined to permit discovery. The defendants filed another motion to dismiss (#57), and joinders thereto (#61 and #62), asking this court to dismiss plaintiff's claims for failure to state a claim and for failure to amend the claims in accordance with the court's order (#52). The court finds it in the interest of justice to continue the stay of discovery in this matter until after Judge Du issues an order on the motion to dismiss (#57). The parties should not be forced to expend resources in discovery until the District Judge decides the legal viability of plaintiff's amended complaint (#53). *See* Fed. R. Civ. P. 1

(stating that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Within fifteen (15) days after the first responsive pleading is filed following Judge Du's order on the motion to dismiss (#57), the parties **must** meet and confer and agree upon a discovery plan and scheduling order pursuant to Local Rule 26-1(d) and Federal Rule of Civil Procedure 26(f). The parties must file a discovery plan and scheduling order with the court within fourteen (14) days after conducting the Rule 26(f) conference. The stay will be lifted upon the filing of the Discovery Plan and Scheduling Order. The parties must exchange their initial disclosures within fourteen (14) days after filing the discovery plan and scheduling order. If, by March 15, 2014, Judge Du has not issued an order on the motion to dismiss (#57), the parties must file a stipulation to continue the stay of discovery in this action.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff's Proposed Discovery Plan and Scheduling Order (#55) is NOT adopted by this court.

IT IS FURTHER ORDERED that defendant First Option's request to stay discovery (#65) is GRANTED and its Objection (#64) is SUSTAINED.

IT IS THEREFORE ORDERED that discovery in this action is hereby STAYED.

IT IS FURTHER ORDERED that, within fifteen (15) days after the first responsive pleading is filed following Judge Du's order on the motion to dismiss (#57), the parties **must** meet and confer and agree upon a Discovery Plan and Scheduling Order pursuant to Local Rule 26-1(d) and Federal Rule of Civil Procedure 26(f). The parties must file a Discovery Plan and Scheduling Order with the court within fourteen (14) days after conducting the Rule 26(f) conference. The stay will be lifted upon the filing of the Discovery Plan and Scheduling Order. The parties must exchange their initial disclosures within fourteen (14) days after filing the discovery plan and scheduling order.

IT IS FURTHER ORDERED that if, by March 15, 2014, Judge Du has not issued an order on the motion to dismiss (#57), the parties must file a stipulation to continue the stay of discovery in this action. If the parties are unable to stipulate to the stay of discovery, either party may file a motion to stay with the court.

DATED this 13th day of August, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE