1
2
3
4
5
6

7

UNITED STATES DISTRICT COURT

8

DISTRICT OF NEVADA

9

* * *

10

GODSON ERUCHALU,

Case No. 2:12-cv-01264-MMD-VCF

11

Plaintiff,

v.

12

ORDER

(Plf's Motions for Injunctive Relief and to
Stay Foreclosure Sale – dkt. no. 59, 60;
Plf's Motions to Strike and Extension of
Time to Respond – dkt. no. 90, 93)

13

U.S. BANK, NATIONAL ASSOCIATION;
U.S. BANK HOME MORTGAGE; U.S.
BANK HOME MORT OUTSOURCING;

14

NATIONAL DEFAULT SERVICING CORP;
MERSCORP; TIFFANY & BOSCO PA;

15

FIRST OPTION MORTGAGE,

16

Defendants.

17

18

I.      SUMMARY

19

        Before the Court is Plaintiff's Motion for Temporary/Permanent Injunctive Relief

20

and Plaintiff's Motion to Stay Foreclosure Sale. (Dkt. no. 59, 60.) Defendants US Bank

21

and MERSCORP filed oppositions with accompanying supporting affidavits and

22

declarations.  (Dkt. nos. 80, 81, 82, 83, 84, 85.) NDSC and Tiffany Bosco filed joinders to

23

both oppositions. (Dkt. no. 86.) Plaintiff filed an omnibus reply. (Dkt. no. 89.)

24

        Plaintiff filed two additional accompanying motions: (1) Motion to Strike docket

25

number 84 — the affidavit supporting the opposition to the Motion to Stay Foreclosure

26

Sale (dkt. no. 90); and (2) Motion for Leave to Respond to the Content and to Extend the

27

Deadline to Review the Affidavit (dkt. no. 93).

28

        For the reasons discussed below, Plaintiff's Motions are denied.

## II.   BACKGROUND

This case arises from Plaintiff's purchase of real property in Clark County, Nevada and the subsequent non-judicial foreclosure proceedings.

Plaintiff's First Amended Complaint ("FAC") alleges that on or about August 27, 2010, Plaintiff executed a Deed of Trust and a Note for $330,548.00. The Deed of Trust stated that First Option Mortgage was the Lender and Beneficiary and MERS was the nominee for the Beneficiary. The Deed of Trust was secured by the property located at 7730 North Jones Boulevard, Las Vegas, Nevada 89131 (herein after "Property"). Immediately after the loan closed, Plaintiff's Note was securitized, pooled, and sold as a "stock." Plaintiff was never informed of any assignments. At some point thereafter, US Bank began servicing the Note. Plaintiff made requests to see the original "wet signature" Note, Deed of Trust, and subsequent assignments. Those requests were ignored or denied. The loan was foreclosed upon.

On December 17, 2013, the Court granted in part and denied in part Defendant First Option's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). (Dkt. no. 99.) The Court dismissed all the claims save two — claim 19 for discrimination under the Fair Housing Act ("FHA") and claim 28 for breach of contract. As to those claims, the FAC alleges that First Option and US Bank charged Plaintiff, an African American borrower, higher discretionary broker fees, interest rates, and retail loan markups than other non-African American borrowers in violation of the FHA. The FAC also alleges breach of the mortgage contract, accompanying note, and deed of trust, including misapplication of payments, flawed acceleration of the debt, and failure to provide certain notices as required under these agreements.

Plaintiff now moves for injunctive relief and to stay the foreclosure sale. Defendants opposed the motion and included an affidavit of Stephanie Anne Smith, an employee of US Bank N.A., and a declaration from Ryan A. Loosvelt, counsel of record for Defendants US Bank and MERSCORP. Plaintiff replied to the motion and sought ///

2

separately to strike the affidavit and for additional time to respond to the affidavit. As the motions are all inter-related, the Court addresses each in turn.

III.   **DISCUSSION**

    A.   **Legal Standards**

        1.   **Motion to Strike**

Pursuant to Rule 12(f), a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Rule 7(a) identifies "pleadings" as the complaint, answer, and reply, but not motions and other papers.  Thus, a motion to strike under Rule 12(f) is limited to pleadings. *United States v. Crisp*, 190 F.R.D. 546, 550-51 (E.D. Cal. 1999) (*citing Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983)). However, a motion to strike matters that are not pleadings may be regarded as an "invitation by the movant to consider whether proffered material may properly be relied upon." *Crisp*, 190 F.R.D. at 550-51 (internal quotations and citation omitted).

        2.   **Injunctive Relief**

Under Rule 65 of the Federal Rules of Civil Procedure, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Id.* at 20; *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

    B.   **Analysis**

        1.   **Motion to Extend Time**

Despite having already replied to the opposition, objected to the affidavit, and moved to strike the same, Plaintiff seeks additional time to oppose the affidavit further. The Court denies the request as moot or redundant. Moreover, as discussed below, even if the Court completely disregarded the affidavit, the Court is still compelled to deny Plaintiff's request for injunctive relief as Plaintiff has failed to meet his burden.

## 2.   Motion to Strike

Plaintiff moves to strike the accompanying affidavit of Stephanie Anne Smith and its attached documentation challenging the authenticity of the documents. Plaintiff also argues that Ms. Smith never attested to having personal knowledge of the mortgage documents. However, as a motion to strike is limited to pleadings and the document Plaintiff seeks to strike is not a pleading, the motion is denied. Instead, the Court construes Plaintiff's motion as an invitation to consider whether the proffered material may properly be relied upon. Even accepting Plaintiff's arguments and disregarding the affidavit, the Court is still compelled to deny Plaintiff's request for injunctive relief.

## 3.   Injunctive Relief

Plaintiff is not entitled to a permanent injunction at this time. Therefore, the Court construes the motion as one for preliminary injunctive relief.

### i.   Likelihood of Success on the Merits

Plaintiff offers two arguments in support of his assertion that he is likely to succeed on the merits. (*See* dkt. no. 60 at 9.) First, Plaintiff argues Defendants' failure to answer his FAC establishes Plaintiff is entitled to relief. (*See id.*) Second, Plaintiff argues Defendants' failure to voluntarily and affirmatively prove they have standing to foreclose is tacit agreement that they have no standing to foreclose. (*See id.*) Neither of these arguments has any merit.

First, until very recently, there was an outstanding Motion to Dismiss the FAC, which the Court had not ruled upon. Under Rule 12 of the Federal Rules of Civil Procedure, Defendants may respond to the FAC by filing an answer or raise certain defenses by way of a motion. Where there is a pending motion to dismiss, Defendants need not file a responsive pleading until the Court denies the motion, and then must respond within fourteen (14) days of the denial. Fed. R. Civ. P. at 12(a)(4). In this instance, Defendants' duty to answer the FAC had not arisen and thus, Defendants' failure to file an answer is not proof that Plaintiff is entitled to relief. As to Plaintiff's second argument, the burden of proof in a case rests on the Plaintiff, not Defendants.

4

Here, Plaintiff seeks to impermissibly shift the burden to Defendants. Plaintiff has the burden to show Defendants do not have the authority or standing to foreclose, not the other way around. Therefore, these arguments fail.

Aside from these two arguments, the remainder of Plaintiff's Motion makes unsubstantiated claims of attorney misconduct[1] (dkt. no. 60 at 5), mediator misconduct (*id.* at 13), judicial misconduct (*id.* at 19), and notary fraud (*id.* at 27). Plaintiff has offered nothing more than bald assertions and accusations of conspiracy to support these claims. Further, Plaintiff continues to seek relief under legal theories explicitly rejected by the courts in this jurisdiction, such as securitization nullified the Deed of Trust, extinguished the security, or irreparably split the note from the deed of trust, or that MERS' nominee status makes MERS a sham beneficiary and absolves Plaintiff of any responsibility under the deed of trust. (Dkt. no. 60 at 4.) These arguments are legally and factually tenuous.

Finally, Plaintiff's motion fails to reference any claim specifically, let alone the two remaining claims — discrimination under the FHA and breach of contract — nor does the motion offer any argument, factual support, or justification as to why Plaintiff would be likely to succeed on the merits of the remaining claims. Therefore, Plaintiff has failed to carry his burden and the motions are denied.

            **ii.**      **Irreparable Harm, Balance of Equities, and Public Interest**

Plaintiff has failed to demonstrate a likelihood of success on the merits, which dooms his application for injunctive relief. However, even if Plaintiff could show the probability of success, Plaintiff will not suffer irreparable harm for two reasons. First, Nevada law allows the Court to declare a trustee's sale void. *See* Nev. Rev. Stat. § 107.080(5). Second, monetary damages would suffice to make Plaintiff whole on the

---

[1]Plaintiff demands proof of standing and then rejects any evidence Defendants proffer. For example, Plaintiff challenges "Defendant's Attorneys To Submit An Affidavit To This Honorable Court Stating Whether or Not They Are Representing the Holder in Due Course and The Creditor in This Matter," then Plaintiff seeks to strike that very submission in his Motion to Strike. (Dkt. no. 90.)

1   only two remaining causes of action in this case — discrimination under the FHA and

2   breach of contract. Further, the balance of equities and public interest do not weigh in

3   favor of granting extraordinary relief to Plaintiff. Therefore, the motion for injunctive relief

4   is denied.

5   **IV.   CONCLUSION**

6         It is therefore ordered that Plaintiff's Motion for Temporary/Permanent Injunctive

7   Relief (dkt. no 59) is denied.

8         It is further ordered that Plaintiff's Motion to Stay Foreclosure Sale (dkt. no. 60) is

9   denied.

10         It is further ordered that Plaintiff's Motion to Strike (dkt. no. 90) is denied.

11         It is further ordered that Plaintiff's Motion for Leave to Respond to the Content and

12   to Extend the Deadline to Review the Affidavit (dkt. no. 93) is denied.

13

14         DATED THIS 17th day of December 2013.

15

16                                           MIRANDA M. DU
                                             UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28