UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GODSON ERUCHALU,<br><br>                Plaintiff,<br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION;<br>U.S. BANK HOME MORTGAGE; U.S.<br>BANK HOME MORT OUTSOURCING;<br>NATIONAL DEFAULT SERVICING CORP;<br>MERSCORP; TIFFANY & BOSCO PA;<br>FIRST OPTION MORTGAGE,<br><br>                Defendants. | Case No. 2:12-cv-01264-MMD-VCF<br><br>ORDER<br><br>(Plf's Emergency Motion for Reconsideration – dkt. no. 116; Plf's Motion to Shorten Time – dkt. no. 117; Plf's Motion to Set Aside Judgment – dkt. no. 118; Plf's Emergency Motion for Injunctive Relief – dkt. no. 119; Plf's Motion to Stay Foreclosure – dkt. no. 120) |

## I. SUMMARY

Before the Court are several of Plaintiff's motions: Emergency Motion for District Judge to Reconsider Order on Motion for Permanent Injunction, Order on Motion to Stay Foreclosure, Order on Motion to Strike (dkt. no. 116), Motion to Shorten Time for Order to Set Aside Judgement (sic) or Order for Fraud upon the Court (dkt. no. 117), Motion to Set Aside Judgement (sic) or Order for Fraud upon the Court (dkt no. 118), Emergency Motion for Temporary/Permanent Injunctive and Declaratory Relief and to Stay Foreclosure (dkt. no. 119), and Motion to Stay Foreclosure (dkt. no. 120.)[1] For the reasons discussed below, the motions are denied.

---

[1] Docket numbers 116 and 117 are identical but filed twice pursuant to the Clerks' Office's standard policy to file a single motion with multiple requests for relief. Similarly, Docket numbers 118, 119, and 120 are identical as well.

## II. BACKGROUND

This case arises from Plaintiff's purchase of real property in Clark County, Nevada, and the subsequent non-judicial foreclosure proceedings. The facts of this case are extensively recounted in the Court's prior orders. Relevant to the instant motion is that on December 17, 2013, the Court granted in part and denied in part Defendants' Motion to Dismiss. (Dkt. no. 99.) The Court also denied Plaintiff's Motions for Temporary/Permanent Injunctive Relief and Motion to Stay Foreclosure Sale. (Dkt. no. 100.) On January 16, 2014, Plaintiff appealed both those orders. On January 23, 2014, the Ninth Circuit accepted jurisdiction over the appeal challenging the Court's denial of Plaintiff's Motions for Temporary/Permanent Injunctive Relief and Motion to Stay Foreclosure Sale. On February 3, 2014, Plaintiff filed the motions referenced above.

## III. DISCUSSION

### A. Legal Standard

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant

one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

Ordinarily the filing of a notice of appeal "divests the district court of its control over the aspects of the case involved in the appeal," including any subsequently filed motions to reconsider. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also United States v. Vroman*, 997 F.2d 627 (9th. 1993). Federal Rule of Civil Procedure 62(c) codifies an exception to this basic principle: it allows a district court to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" while an appeal is pending. Fed. R. Civ. P. 62; *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (recognizing that a district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo"). "The standard for evaluating stays pending appeal is similar to that employed by district courts under Fed. R. Civ. P. 65 in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).

Under Rule 65 of the Federal Rules of Civil Procedure, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Id.* at 20; *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

B. **Analysis**

Initially, the Court finds that these motions do not constitute an emergency or require an expedited briefing schedule. Additionally, the Court does not require a response from Defendants as Plaintiff's arguments are facially meritless.

1. **Motion to Reconsider**

Although framed as five different requests, all of Plaintiff's motions seek the same relief — namely a preliminary injunction and postponement of the foreclosure sale. To the

extent that Plaintiff requests reconsideration of the Court's prior order, Plaintiff's appeal has stripped this Court of jurisdiction to entertain that request. See *United States v. Vroman*, 997 F.2d 627. Therefore, the request is not properly before the Court.

### 2. Motion for Injunctive Relief and to Postpone Foreclosure Sale

The Court recognizes that, if granted, the new motion for injunctive relief would obviate any appeal of the prior denial. However, to the extent that Plaintiff's request is a new motion that the Court would have jurisdiction over, the motion is denied. To support his assertion that he is likely to succeed on the merits of his claims, Plaintiff again repeats the oft rejected arguments, such as securitization nullified the Deed of Trust, extinguished the security, or irreparably split the note from the deed of trust, or that MERS' nominee status makes MERS a sham beneficiary and absolves Plaintiff of any responsibility under the deed of trust. He cannot legally succeed based on those arguments. Plaintiff again makes unsubstantiated claims of mediator misconduct (dkt. no. 118 at 4) and notary fraud (*id.* at 8). New to this motion is that Plaintiff now claims there has been a fraud on the court, but still fails to show how he is likely to succeed on the merits of the case. He simply has not carried his burden.

The procedural history of this case has been complicated with Plaintiff's filing his Second Amended Complaint ("SAC"), attempting to cure prior deficiencies identified by the Court. (Dkt. no. 104.) Defendants have answered the SAC rather than filing another motion to dismiss. (Dkt. no 107.) Assuming for the purposes of this motion that any one of the SAC's claims would allow Plaintiff to remain in his home, a foreclosure sale would necessarily cause irreparable harm. However, Plaintiff has still not shown the remaining three requirements to secure injunctive relief. Therefore, Plaintiff has not carried his burden and the new motion for injunctive relief and to postpone the foreclosure sale is denied.

### 3. Stay Pending Appeal

In liberally construing Plaintiff's *pro se* filings, the Court alternatively construes Plaintiff's motions as a request for a stay or injunction pending appeal pursuant to

4

Federal Rule of Appellate Procedure 8(a)(1). For the reasons already discussed, specifically Plaintiff's failure to show likelihood of success on the merits, balance of equities in his favor, or the public interest, the request for a stay pending appeal is denied. Plaintiff may seek a stay of this Court's order from the Ninth Circuit Court of Appeals, as necessary.

## IV. CONCLUSION

It is therefore ordered that Plaintiff's Emergency Motion for District Judge to Reconsider Order on Motion for Permanent Injunction, Order on Motion to Stay Foreclosure, Order on Motion to Strike (dkt. no. 116) is denied.

It is further ordered that Plaintiff's Motion to Shorten Time for Order to Set Aside Judgement (sic) or Order for Fraud upon the Court (dkt. no. 117) is denied.

It is further ordered that Plaintiff's Motion to Set Aside Judgement (sic) or Order for Fraud upon the Court (dkt no. 118) is denied.

It is further ordered that Plaintiff's Emergency Motion for Temporary/Permanent Injunctive and Declaratory Relief and to Stay Foreclosure (dkt. no. 119) is denied.

It is further ordered that Plaintiff's Motion to Stay Foreclosure (dkt. no. 120) is denied.

DATED THIS 6th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE