# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

GODSON ERUCHALU,

        Plaintiff,

vs.

U.S. BANK, NATIONAL ASSOCIATION, *et al.*,

        Defendants.

Case No. 2:12–cv–1264–RFB–VCF

**ORDER**

    This matter involves *pro se* Plaintiff Gordon Eruchalu's wrongful foreclosure action against First Option Mortgage and U.S. Bank, among others. (*See* Second Amend. Compl. #104).[1] Before the court is First Option's Motion to Compel (#155). Eruchalu filed an opposition (#163); and First Option replied (#164). Also before the court is Eruchalu's Motion to Compel (#157). Defendant U.S. Bank filed an opposition (#165); and Eruchalu replied (#172). Also before the court is Eruchalu's Motion to Extend (#158). First Option filed an opposition (#162); and Eruchalu replied (#167). For the reasons stated below, the parties' motions are denied.

**I.**    **First Option's Motion to Compel is Denied with Prejudice**

    First Option moves to compel discovery responses to thirty interrogatories and thirty-one requests for production of documents. (*See* Def.'s Mot. to Compel (#155) at 4–33). In compliance with Local Rule 26-7(a), First Option's motion "set forth in full the text of the discovery originally sought and the response thereto." The motion contains nothing else.

    A request for a court order must "state with particularity the grounds for seeking the order." FED. R. CIV. P. 7(b)(1)(B). Local Rule 7-2(d) complements Federal Rule of Civil Procedure 7. It states that

---

[1] Parenthetical citations refer to the court's docket.

"[t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion."

In the context of a motion to compel, the party resisting discovery carries the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). This, however, does not abrogate the moving party's burden of filing points and authorities in support of a motion. *See, e.g.*, FED. R. CIV. P. 7(b)(1)(B). The question presented by a motion to compel is normally simple: does the discovery request "appear reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). At a minimum, this requires the moving party to show that the discovery request seeks a "nonprivileged [information] that is relevant to any party's claim or defense." *Id.*

Here, First Option failed to make this minimum showing. It merely restyled its discovery requests as a motion to compel and then filed the discovery requests with the court. It is not the court's job to laboriously search the operative complaint, which is 153 pages, or First Option's answer for claims and defenses that could be used to support First Option's motion to compel. *Northwestern Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) ("District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits.").

Local Rule 26-7(a), which requires the moving party to "set forth in full the text of the discovery originally sought," exists so that the court may determine whether the parties' legal arguments regarding a discovery dispute have a factual basis. The rule does not obviate the need to make legal arguments as required by Rule 26(b)(1). *See* FED. R. CIV. P. 7(b)(1)(B). Therefore, First Option's Motion to Compel (#155) is denied with prejudice. (*See* Min. Proceedings #153) (ordering that "[a]ny motion to compel regarding discovery to this date must be filed by August 15, 2014.").

**II.     Eruchalu's Motion to Compel is Denied**

Eruchalu moves to compel U.S. Bank to respond to his requests for admissions, interrogatories, and requests for production of documents. (Pl.'s Mot. to Compel #157). Because Eurchalu's motion complies with Federal Rule of Civil Procedure 7(b)(1)(B) and Local Rule 7-2(d), the court begins its analysis of the parties' filings and arguments by reviewing the govern law.

**A.     *Legal Standard***

Federal Rule of Civil Procedure 26(b)(1) provides for liberal discovery. *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). It states, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Rule 26 defines relevant information as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Where—as here—a party resists discovery, the requesting party may file a motion to compel discovery. The party resisting discovery carries the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975). The objecting party must show that the discovery request is overly broad, unduly burdensome irrelevant. *Teller v. Dogge*, No. 2:12-cv-00591-JCM, 2013 WL 1501445 (D. Nev. Apr. 10, 2013) (Magistrate Judge Foley) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253–4 (S.D. Ind. 2000).

To meet this burden, the objecting party must specifically detail the reasons why each request is improper. *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). Boilerplate, generalized objections are inadequate and tantamount to making no objection at all. *Id*. (citing *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3d Cir. 1986) (objecting party must show a particularized harm is likely to occur if the requesting party obtains the information that is the subject of the particular objections; generalized objections are insufficient)).

Therefore, the party resisting discovery must allege (1) specific facts, which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence, or (2) sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request. *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524 (D. Nev. 1997) (citations omitted); *Cory v. Aztec Steel Bldg.*, Inc., 225 F .R.D. 667, 672 (D. Kan. 2005).

The court has broad discretion in controlling discovery, *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and in determining whether discovery is burdensome or oppressive. *Diamond State Ins. Co. v. Rebel Oil. Inc.*, 157 F.R.D. 691, 696 (D. Nev.1994). The court may fashion any order which justice requires to protect a party or person from undue burden, oppression, or expense. *United States v. Columbia Board. Sys., Inc.*, 666 F.2d 364, 369 (9th Cir.1982) *cert. denied*, 457 U.S. 1118 (1982).

**B.**     *Analysis*

U.S. Bank makes five arguments in opposition to Eruchalu's Motion to Compel. First, U.S. Bank argues that the court should take judicial notice of the records in Eruchalu's related lawsuits as a basis for denying the motion. Rather than directing the court to the relevant law and its impact on specific discovery requests, U.S. Bank repeatedly states that "[t]he pleadings and paper on file in [the Nevada state court action, bankruptcy action, adversary action, and appellate action] are incorporated herein by this reference." (*See* Def.'s Opp'n (#165) at 7:2, n. 1–4). This is insufficient. It is U.S. Bank's burden—not the court's duty—to research the controlling law and determine how the law of each related case impacts Eruchalu's voluminous discovery requests.

Second, U.S. Bank argues Eruchalu's Motion to Compel should be denied because Eruchalu did not "set forth in full the text of the discovery originally sought and the response thereto," as required by Local Rule 26-7(a). (*See* Def.'s Opp'n (#165) at 7:11). This is inaccurate. Eruchalu's Motion to Compel

4

argues that U.S. Bank has not produced any responsive documents, answers to interrogatories, or admissions. (Pl.'s Mot. to Compel (#157) at 2:1–9). U.S. Bank appears to have objected to every discovery request. As a result, what is really at issue in Eruchalu's motion to compel is U.S. Bank's duty to comply with its discovery obligations under Rule 26. This obviates the need to set forth the text of individual discovery requests. In any event, Eruchalu complied with Local Rule 26-7(a) because he attached copies of his discovery request and U.S. Bank's responses as an exhibit to his motion.

Third, U.S. Bank argues that Eruchalu's Motion to Compel should be denied because "he has failed to demonstrate entitlement to relief." (*See* Def.'s Opp'n (#165) at 8:7). This is incorrect. U.S. Bank—not Eruchalu—carries the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Fourth, U.S. Bank argues that Eruchalu's Motion to Compel should be denied because it violates Rule 11. (*See* Def.'s Opp'n (#165) at 8–9). It does not. *See* FED. R. CIV. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37".).

Fifth, U.S. Bank argues that Eruchalu's Motion to Compel should be denied because he failed to engage in a "good faith" "personal consultation" before moving to compel. (*See* Def.'s Opp'n (#165) at 7:18). U.S. Bank argues that Eruchalu's meet and confer was not in "good faith" because neither U.S. Bank nor any other Defendant received Eruchalu's meet-and-confer letters; and U.S. Bank argues that Eruchalu's meet and confer was not a "personal consultation" because it was allegedly done by mail. The court agrees. *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996) (discussing the meet-and-confer requirement).

Nonetheless, Eruchalu's failure to meet and confer may have been harmless. The court is skeptical that none of Eruchalu's discovery requests "appear[ed] reasonably calculated to lead to the

discovery of admissible evidence." *See* FED. R. CIV. P. 26(b). If, as Eruchalu argues, U.S. Bank failed to produce any responsive documents, answers to interrogatories, or admissions, then it is likely that U.S. Bank ignored its duty to comply with its discovery obligations. Under these circumstances, a meet and confer would have been futile.

To determine whether Eruchalu's failure to meet and confer was harmless, the court orders U.S. Bank to file an affidavit by September 19, 2014, which details the discovery U.S. Bank produced in response to Eruchalu's discovery requests. Eruchalu may file a response to U.S. Bank's affidavit no later than September 26, 2014. If the court finds that U.S. Bank failed to produce any responsive documents, answers to interrogatories, or admissions, then Eruchalu may be granted leave to renew his motion to compel.

### III.     Eruchalu's Motion to Extend is Denied with Prejudice

On August 8, 2014, the court held a hearing on various motions. During the hearing, Eruchalu moved to extend the time to disclose experts because the deadline had already passed and Eruchalu had not disclosed any experts. (*See* Mins. Proceedings #153). The court unambiguously stated that Eruchalu's oral motion was denied and that no further discovery extensions would be granted. (*Id.*) Now, Eruchalu moves to extend the deadline to disclose experts. Eruchalu's motion is denied with prejudice and without leave to renew. Future motions to extend the discovery cutoff dates will be stricken.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that First Option's Motion to Compel (#155) is DENIED with prejudice.

IT IS FURTHER ORDERED that First Option is ordered to show cause why it should not be required to pay the reasonable expenses that Eruchalu incurred as a result of First Option's Motion to Compel.

IT IS FURTHER ORDERED that Eruchalu's Motion to Compel (#157) is DENIED.

IT IS FURTHER ORDERED that U.S. Bank must file an AFFIDAVIT by September 19, 2014, which details the discovery U.S. Bank produced in response to Eruchalu's discovery requests.

IT IS FURTHER ORDERED that Eruchalu may file a RESPONSE to U.S. Bank's affidavit no later than September 26, 2014. If the court finds that U.S. Bank failed to produce any responsive documents, answers to interrogatories, or admissions, then Eruchalu may be granted leave to renew his motion to compel.

IT IS FURTHER ORDERED that Eruchalu's Motion to Extend (#158) is DENIED with prejudice.

IT IS SO ORDERED.

DATED this 12th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE