# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

GODSON ERUCHALU,

        Plaintiff,

vs.

U.S. BANK, NATIONAL ASSOCIATION, *et al.*,

        Defendants.

Case No. 2:12–cv–1264–RFB–VCF

**ORDER**

      This matter involves *pro se* Plaintiff Gordon Eruchalu's wrongful foreclosure action against First Option Mortgage and U.S. Bank, among others. (*See* Second Amend. Compl. #104).[1] Two miscellaneous matters are before the court. (Docs. #175, #177). For the reasons stated below, the court finds that U.S. Bank did not ignore its discovery obligations and that First Option satisfied its burden demonstrating why it should not pay Eruchalu's reasonable expenses.

      On September 12, 2014, the court ordered U.S. Bank to file an affidavit to determine whether (1) U.S. Bank produced any documents in response to Eruchalu's discovery request or (2) U.S. Bank completed ignored its discovery obligations, as Eruchalu argued, under Rule 26. (*See* Order (#173) at 6–7). On September 19, 2014, U.S. Bank filed nine page affidavit that identifies scores of documents that U.S. Bank produced in response to Eruchalu's various discovery requests. (*See generally* Loosvelt Aff. #175). The court granted Eruchalu leave to file a response to U.S. Bank's affidavit and contest its accuracy. (Doc. (#173) at 7:5). Eruchalu filed a response (#176). The response, however, argues the merits of Eruchalu's civil action. It does not contest the accuracy of U.S. Bank's affidavit. Therefore, the court finds that U.S. Bank did not ignore its discovery obligations and that the court properly denied

---

[1] Parenthetical citations refer to the court's docket.

Eruchalu's Motion to Compel.

Also before the court is First Option's response to the court's order to show cause. On September 12, 2014, the court ordered First Option to show cause why it should not be ordered to pay the reasonable expenses that Eruchalu incurred as a result of First Option's Motion to Compel. (*See* Order (#173) at 6–7). As explained by the court's prior order, First Option moved to compel discovery responses to thirty interrogatories and thirty-one requests for production of documents. (*See* Def.'s Mot. to Compel (#155) at 4–33). In compliance with Local Rule 26-7(a), First Option's motion "set forth in full the text of the discovery originally sought and the response thereto." However, the motion contained no points and authorities as required by Federal Rule of Civil Procedure 7(b)(1)(B) and Local Rule 7-2(d).

Now, First Option argues that it should not be sanctioned because (1) the denial if its motion to compel is a sufficient sanction, (2) it omitted points and authorities in "good faith" to "limit the length and streamline the pleadings," and (3) First Option's reply contained points and authorities. (*See* (Doc. #177) at 1–7). The court agrees that denial of First Option's motion to compel is a sufficient sanction. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stating that the court has broad discretion in controlling discovery). Counsel is reminded, however, that it should never file a motion without a legal argument. The court appreciates counsel's effort in streamlining the pleadings. But, legal arguments are essential.

Additionally, the court also reminds counsel that legal arguments should not be raised for the first time in a reply brief. *See United States v. Gianelli*, 543 F.3d 1178, 1184 n. 6 (9th Cir. 2008); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Sophanthavong v. Palmateer*, 378 F.3d 859, 871-72 (9th Cir. 2004) (refusing to reach argument raised for the first time in a reply brief); *Bazuaye v. I.N.S.*, 79 F.3d

118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived.");  *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (noting that courts generally decline to consider arguments raised for the first time in a reply brief). As stated by the Ninth Circuit in *Tovar v. United States Postal Service*, it is improper to raise new arguments in a reply brief because the opposing party is deprived of an opportunity to respond. 3 F.3d 1271, 1273 n.3 (9th Cir. 1993).

IT IS ORDERED.

DATED this 30th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE