**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

GODSON ERUCHALU,

                       Plaintiff,

vs.

U.S. BANK, NATIONAL ASSOCIATION, *et al.*,

                    Defendants.

Case No. 2:12–cv–1264-RFB-VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

      This case arises from an August 27, 2010, residential mortgage transaction and purchase of real property in Clark County, Nevada, and the subsequent non-judicial foreclosure proceedings.  *See* Amend. Compl. (#104).  Before the court is Defendants' U.S. Bank, Mortgage Electronic System Inc. (MERS), First Option Mortgage, and National Default Servicing Corporation ("Defendants")[1] motion for case-dispositive sanctions (#228[2]) and Plaintiff's motion to disqualify counsel (#224). For the reasons stated below, the court recommends granting Defendants' motion for case-dispositive sanctions (#228) and denies Plaintiff's request to disqualify defense counsel (#224).

**BACKGROUND**

      The facts of this case have been extensively recounted in the court's previous orders. Defendants now move for case-dispositive sanctions based on Plaintiff's continued discovery abuse and more recently

---

[1] Both National Default Servicing Corporation and First Option Mortgage joined Defendants' U.S. Bank and MERS motion for sanctions (#230, #233).
[2] Parenthetical citations refer to the court's docket.

Plaintiff's alleged violation of this court's December 19, 2014, order. Consequently, the court will limit its recitation of facts to Plaintiff's discovery abuse.

On February 24, 2014, the court ordered that Defendants

> may take plaintiff's deposition in four sessions consisting of four hours each of time spent on the record. The four sessions must be completed within the week of the beginning of the first session. This provision is subject to amendment if plaintiff does not testify in good faith or otherwise disrupts the deposition process.

(#130 at 3).

Thereafter, on October 22, 2014, Plaintiff filed an interim status report pursuant to Local Rule 26-3 of the District of Nevada's Local Rules of Practice, selecting December 8-12, 2014, as the dates he would sit for his deposition. (#185). On December 7, 2014, the evening prior to Plaintiff's scheduled deposition, Plaintiff sent an email to defense counsel objecting to the video deposition as well as the Defenses' requests for production of documents. Plaintiff did not appear at his deposition.

As a result, on December 10, 2014, Defendants filed a motion to compel Plaintiff's deposition. (#192).  The court held a hearing on December 19, 2014. At the hearing, Plaintiff asserted that he did not wish to submit to a videotaped deposition because it violated his right to privacy and subjected him to the threat of a terrorist attack. (#205 at 36:11-24). The court rejected these assertions on the record:

> [T]he deposition will go forward. It may be videotaped. You do not have an expectation of privacy in your videotape of your deposition . . . .   [You] must attend and answer in good faith or you will risk sanctions.  [] Now there's a history here of problems. This is the last hurdle for you to try to go get the trial.
> …
> But[,] you've got to get through this deposition for sure. And I don't want to have to come and deal with the issue of some stronger sanction because you're disrupting or not answering questions in the deposition. So you want to think real seriously about how you're going to conduct yourself in the deposition. Okay. Plaintiff must answer in good faith or risk sanctions.

2

(#205 at 36-37). During the same hearing, the court imposed monetary sanctions against Plaintiff finding that the Plaintiff has "gone overboard in [] playing games here." (#205 at 44:8-9).[3]  The court ordered that Plaintiff's "deposition is scheduled for January 20, 21, 22, and 23 of 2015. The parties are ordered to arrive for the deposition at 12:30 p.m. Testimony will commence at 1:00 p.m. and conclude at 5:00 p.m. each day. The deposition will be conducted at McCormick Barstow LLP." (#205 at 41:17-25). That same day, the court issued a written order reiterating the deposition schedule. (#204 at 2). Plaintiff failed to appear at this court-ordered deposition and did not seek relief from this court's order.

Now before this court are Plaintiff's motion to "disqualify counsels" and Defendants' motion for case dispositive sanctions (#228). The court will address each argument in turn.

## DISCUSSION

### I.   <u>Plaintiff's Motion to Disqualify Counsel (#224)</u>

"As a general rule, only former and current clients have standing to bring a motion to disqualify counsel on the basis of conflict of interest." *United States v. Walker River Irrigation Dist.*, No. 3:73–CV–127–ECR (RAM), 2006 U.S. Dist. LEXIS 95342, at *19 (D.Nev. Mar. 10, 2006) (citations omitted). "Neither the United States Supreme Court, nor the Ninth Circuit has addressed the particular question of whether the standing doctrine bars a nonclient party from moving to disqualify the opposing party's counsel on the grounds of a conflict of interest." *FMC Technologies, Inc. v. Edwards*, 420 F.Supp.2d 1153, 1156 (W.D.Wash.2006). Nevertheless, the majority view is that "only a current or former client of an attorney has standing to complain of that attorney's representation of interests adverse to that current or former client." *Colyer v. Smith*, 50 F.Supp.2d 966, 969 (C.D.Cal.1999).

---

[3] Although the court imposed monetary sanctions, it held that Plaintiff was only required to pay the sanctions when the case ended. (#205 at 46:21-23).

The court notes that Plaintiff expends the better part of the motion arguing the merits of his claims with general assertions of conflicts of interest and citations to various rules of professional conduct. Here, however, Plaintiff has failed to demonstrate that he has standing to challenge counsel, as he is neither a current nor former client of Defense counsel for any of the named Defendants. In light of the fact that Plaintiff lacks the necessary personal stake for a conflict of interest dispute, the court finds that Plaintiff does not have standing. Even if Plaintiff had standing, Plaintiff has failed to allege any cognizable conflict of interest.[4]   Accordingly, Plaintiff's motion is denied.

## II.   Whether Plaintiff Satisfied the Court's December 19, 2014, Order

The first question posed by the parties' filings is whether Plaintiff complied with this court's December 19, 2014, order. This court ordered that Plaintiff's "deposition is scheduled for January 20, 21, 22, and 23 of 2015. The parties are ordered to arrive for the deposition at 12:30 p.m. Testimony will commence at 1:00 p.m. and conclude at 5:00 p.m. each day. The deposition will be conducted at McCormick Barstow LLP." (#204 at 2).  Plaintiff failed to appear at the noticed deposition.  Quite simply, Plaintiff failed to comply with this court's order.

## II.   Whether Case-Dispositive Sanctions Should be Imposed

Having decided that Plaintiff disregarded this court's order, the court now turns to the second question: whether case-dispositive sanctions should be imposed. For the reasons discussed below, the court recommends granting Defendants' motion for case-dispositive sanctions.

---

[4] Plaintiff seems to assert that because the named law firms representing the Defendants in the current action have represented their clients in two different procedural postures (as plaintiffs in the foreclosure matter and as defendants in this case) they are, in effect, representing both a plaintiff and a defendant in the same action. This argument is nonsensical and, thus, the court will not address it any further.

4

### A.  *The Law of Case-Dispositive Discovery Sanctions*

At the pretrial stage, there are several sources of authority under which a district court can impose case-dispositive sanctions for discovery abuses, including the inherent power of federal courts to levy sanctions in response to abusive litigation practices and the availability of sanctions under Federal Rules of Civil Procedure 37.

Rule 37(b)(2)(A) specifically provides for sanctions. It states: "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may: (i) direct that the matters in the order or other designated facts be taken as established; (ii) prohibit the disobedient party from supporting or opposing designated claims or defenses; (iii) strike pleadings; (iv) stay proceedings; (v) dismiss the action in whole or in part; (vi) render default judgment against the disobedient party; or (viii) treat the disobedient party's failure to obey the court order as contempt. FED. R. CIV. P. 37(b)(2)(A). Moreover, Rule 37(d)(1)(A)(i) specifically allows the court to enter sanctions against a party for failure to appear for a deposition, unless the failure was substantially justified or other circumstances make an award unjust. FED. R. CIV. P. 37(d)(1)(A)(i); 37(d)(3).[5]

### B.  *The* **Hockey** *Factors Militate in Favor of Dismissing Plaintiff's Claims*

When deciding whether to impose the "harsh penalty" of case-dispositive sanctions, courts in the Ninth Circuit apply a five-factor test. *See Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (per curiam) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 (1976) (per curiam)). The district court must evaluate: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public

---

[5]In addition, Local Rule IA 4-1 of the District of Nevada's Local Rules of Practice permits the imposition of sanctions on a party appearing *pro se* for failure to comply with the local rules or any order of the court.

5

policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. District courts have discretion to impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655–56 (9th Cir. 1990). The Ninth Circuit has held that "disobedient conduct not shown to be outside the control of the litigant" is sufficient to demonstrate bad faith. *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985). The court finds that all of these factors support dismissal of this action.

Where—as here—a court order is violated, the first two factors support sanctions. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411–12 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109 (1991) (stating that the district court properly considered all of defendant's misconduct during discovery when ordering default judgment). Here, Plaintiff has disregarded this court's repeated warnings that sanctions may be imposed and expressly disregarded this court's December 19, 2014, order noticing the time, place, and scope of deposition. (#204). Thus, the first two factors support entering judgment in favor of Defendants.

With respect to the third factor, Plaintiff's failure to avail himself to deposition is extremely prejudicial to the defendants, as it has deprived them of the opportunity to conduct meaningful discovery in this case. Permitting this action to proceed would allow Plaintiff to continue to prosecute his case despite depriving defendants of rightful discovery. Moreover, Plaintiff has repeatedly failed to comply with the Federal Rules of Civil Procedure's self-executing rules and disregarded the court's warnings regarding sanctions and orders compelling discovery. This is prejudicial. *See Sec. and Exch. Comm'n v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir. 1982) (stating that the failure to produce documents is sufficient grounds to find prejudice); *Henry v. Gill Indus.*, 983 F.2d 943, 948 (9th Cir. 1993) (noting a "defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case"). In sum, this court will not allow Plaintiff's continued gamesmanship as a means of preventing Defendants from mounting an effective defense. Plaintiff filed

6

this action, hailed the Defendants into court, and must follow the applicable rules, which provide the Defendants with the right to depose Plaintiff.

With regard to the fourth factor, public policy favors the disposition of cases on their merits. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir.2006) (internal quotation marks omitted). Here, Plaintiff has not only unquestionably  disregarded this court's order requiring him to sit for a deposition, but has also not shown any intention of cooperating for a deposition or a willingness to make arrangements to allow for his deposition. For instance, Plaintiff failed to appear for the first deposition—which he scheduled.  Thus, in this case, this factor weighs in favor of dismissal.

The fifth factor supports entering case-dispositive sanctions where the court has: (a) explicitly discussed the feasibility of less drastic sanctions, explaining why they are not feasible; (b) implemented alternative sanctions before ordering dismissal; and (c) warned the party of the possibility of dispositive sanctions before ordering them. *Malone v. United States Postal Ser'v*, 833 F.2d 128, 132 (9th Cir. 1987), *cert. denied sub nom Malone v. Frank*, 488 U.S. 819 (1988). However, the Ninth Circuit has found it is "not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (citation omitted).

First, the court admonished the Plaintiff of the possibility that sanctions may be issued, but delayed entering case-dispositive sanctions against Plaintiff to give him the opportunity to comply with his discovery obligations. *See* (#205 at 36-37). Plaintiff was ordered to comply with discovery on numerous occasions, and warned that his failure to cooperate could result in the dismissal of his action. Plaintiff has

now failed to appear at two properly noticed depositions, one of which he scheduled pursuant to court order and the other by order of the court.

The Court finds that less drastic sanctions are unavailable. This dispute has been pending since 2012. It is now 2015. Plaintiff has willfully engaged in disobedient conduct throughout the course of this litigation, demonstrating a lack of good faith. Nothing in Plaintiff's response in opposition to Defendants' motion indicates that he has any intention of cooperating for a deposition. To the contrary, as discussed above, Plaintiff continues to assert an unspecified terrorist threat and a general right to privacy as an excuse to not appear at his properly noticed deposition—assertions previously rejected by this court. *See* (#205 at 36-37).

In light of the foregoing, the court finds that Plaintiff's "egregious conduct, his lack of repentance and his obvious disregard for this court's authority force the conclusion that no other sanction would be efficacious." *Sun World, Inc. v. Lizarazu Olivarria*, 144 F.R.D. 384, 390 (E.D. Cal. 1992). Accordingly, the court finds that all factors strongly support the imposition of case-dispositive sanctions.

### C.    Plaintiff's Failure to Oppose Defendants' Motion

As a final matter, Local Rule 7-2(d) of the District of Nevada's Local Rules of Practice states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Here, Plaintiff filed an opposition; but the opposition does not include any "points and authorities in response to" Defendants' motion. Rather, Plaintiff expends the better part of the motion accusing Defendants of unspecified discovery abuse.  Plaintiff's other arguments are based on continuing assertions of a general right to privacy and threats of terrorism as justification for his refusal to sit for a deposition.[6] Accordingly, although Plaintiff opposed the Defendants' motion in

---

[6] Again, these arguments were previously rejected at this court's December 19, 2014, hearing. These assertions are as unpersuasive now as they were previously.

form, he failed to oppose the motion substantively, as Local Rule 7-2(d) requires. This failure to follow Local Rule 7-2(d) further supports the finding that less drastic sanctions are not available and a recommendation for the imposition of case-dispositive sanctions.

ACCORDINGLY, and for good cause shown,

## **RECOMMENDATION**

IT IS RECOMMENDED that Defendant motion for discovery sanctions (#228) be GRANTED.

IT IS FURTHER RECOMMENDED that Plaintiff's complaint be dismissed and JUDGMENT be entered in favor of the Defendants.

## **ORDER**

IT IS ORDERED that the Plaintiff's ancillary motion (#224) is DENIED.

IT IS FURTHER ORDERED that Plaintiff is SANCTIONED pursuant to Federal Rule of Civil Procedure 37.

IT IS SO ORDERED.

DATED this 11th day of May, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE