**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

GODSON ERUCHALU,

        Plaintiff,

vs.

U.S. BANK, NATIONAL ASSOCIATION, *et al.*,

        Defendants.

Case No. 2:12–cv–1264–RFB–VCF

**ORDER**

      This matter involves *pro se* Plaintiff Gordon Eruchalu's wrongful foreclosure action against First Option Mortgage and U.S. Bank, among others. (*See* Second Amend. Compl. #104).[1] Before the court is Eruchalu's Motion to Compel (#264). For the reasons stated below, Eruchalu's motion is denied.

      Federal Rule of Civil Procedure 26(b)(2) governs the scope of discovery. In pertinent part, it states that the court "must" limit the frequency and or extent of discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case." FED. R. CIV. P. 26(b)(2)(C)(iii). A district court has "wide latitude" in controlling discovery, and its rulings will not be overturned in absence of "a clear abuse of discretion." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008); *White v. City of San Diego*, 605 F.2d 455, 461 (9th Cir. 1979)

      On May 11, 2015, this court entered a Report and Recommendation stating that Eruchalu should be sanctioned and default judgment should be entered against him. *See* (Doc. #255).[2] In light of the court's recommendation that judgment be entered against Eruchalu, the court finds that it must limit discovery by

---

[1] Parenthetical citations refer to the court's docket.
[2] The District Judge has not yet adjudicated the court's Report and Recommendation because Eruchalu's objections are still briefing.

closing all discovery in this matter until the District Judge rules on the Report and Recommendation. Until that time, all future discovery motions will be denied.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Eruchalu's (#264) is DENIED.

IT IS SO ORDERED.

DATED this 29th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE