1
2
3
4              **UNITED STATES DISTRICT COURT**
5                    **DISTRICT OF NEVADA**
6                          * * *
7   GODSON ERUCHALU,                          Case No. 2:12-cv-1264-RFB-VCF
8                          Plaintiff,     **ORDER ADOPTING REPORT &**
                                          **RECOMMENDATION (ECF NO. 255)**
9        v.                               **OF MAGISTRATE JUDGE CAM**
                                          **FERENBACH AND DENYING**
10  U.S. BANK, NATIONAL ASSOCIATION, *et*  **PARTIES' MOTIONS FOR SANCTIONS**
    *al*,                                 **(ECF NO. 251, 257)**
11
                           Defendants.
12

13  **I.      INTRODUCTION**
14
15           Before the Court are two Reports and Recommendations as well as several outstanding
16  motions. The Court first considers the Report and Recommendation of the Honorable Cam
17  Ferenbach, United States Magistrate Judge, entered May 11, 2015 (ECF No. 255), that
18  Defendants' Motion for Discovery Sanctions (ECF No. 228) be granted, and the action be
19  dismissed and judgment entered in favor of the Defendants. The Court has conducted a *de novo*
20  review of the record and, as set forth below, adopts the Report and Recommendation (ECF No.
21  255) and dismisses the action with prejudice. The Court then considers and denies Defendant
22  First Option Mortgage's Motion for Sanctions Pursuant to Rule 11 (ECF No. 251).

23  **II.     BACKGROUND**
24
25           This case arises from an August 27, 2010, residential mortgage transaction and purchase
26  of real property in Clark County, Nevada, and the subsequent non-judicial foreclosure
27  proceedings. As the current docket contains 265 entries, the Court will summarize the procedural
28  history.
             Plaintiff filed his Complaint on July 17, 2012. ECF No. 1.

On September 13, 2012, Defendant First Option Mortgage filed a Motion to Dismiss. ECF No. 23.

On June 20, 2013, Plaintiff filed an Amended Complaint. ECF No. 53.

On July 3, 2013, Defendant First Option Mortgage filed a Motion to Dismiss Amended Complaint. ECF No. 57.

On July 5, 2013, Plaintiff filed a Motion for Temporary/Permanent Injunctive Relief to Stay Foreclosure Sale. ECF Nos. 59, 60. On December 31, 2013, Plaintiff filed a Second Amended Complaint. ECF No. 104.  This Court denied Motions (ECF Nos. 59, 60) on December 17, 2013. ECF No. 100. Plaintiff filed a Notice of Appeal of this Order on January 16, 2014. ECF No. 149. The Ninth Circuit affirmed this Court's judgment on July 29, 2014. ECF No. 133.

On February 3, 2014, Plaintiff filed an Emergency Motion to Reconsider the Court's Order (ECF No. 100). ECF No. 116. In this Motion, he also moved to Stay Foreclosure (ECF No. 120), and Set Aside Judgment (ECF No. 118). The Court denied these Motions on February 6, 2013. ECF No. 123.

On December 19, 2014, Judge Ferenbach recommended that if Godson Eruchalu relies on undisclosed documents or factual matters that could have been the subject of an interrogatory or request for production of documents served before the October 28, 2014 amended deposition notice, that the District Court exclude that information from its consideration of the parties' dispositive motions. ECF No. 204. The parties filed Objections to this Report and Recommendation. ECF Nos. 206, 207. Plaintiff filed a Notice of Appeal as to this Report and Recommendation on January 12, 2015. ECF No. 209. The Ninth Circuit denied this appeal as moot for lack of jurisdiction on February 25, 2015. ECF No. 226.

Plaintiff filed a Motion to Disqualify Opposing Counsel on February 19, 2015. ECF No. 224. This Motion was denied on May 11, 2015. ECF No. 255.

Defendant First Option filed a Motion for Summary Judgment as well as a Second Motion for Sanctions re Discovery on February 27, 2015. ECF Nos. 227, 228. On May 11, 2015, Judge Ferenbach issued a Report and Recommendation that Defendant's Motion for Sanctions (ECF No. 228) be granted, and that the Complaint be dismissed and judgment be entered in favor

1    of the Defendants. ECF No. 255.

2         On April 24, 2015, Defendant First Option filed another Motion for Sanctions Pursuant to

3    Rule 11. ECF No. 251. Plaintiff filed a Cross-Motion for Sanctions on May 11, 2015. ECF No.

4    257.

5

6    **III.    REPORT AND RECOMMENDATION**

7         **A.  LEGAL STANDARD**

8         A district court "may accept, reject, or modify, in whole or in part, the findings or

9    recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific

10   written objections to the findings and recommendations of a magistrate judge. 28 U.S.C.

11   § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is

12   required to "make a de novo determination of those portions of the report or specified proposed

13   findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local

14   Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct

15   "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge.

16   Thomas v. Arn, 474 U.S. 140, 149 (1985).

17        Here, an objection has been filed to the Report and Recommendation which

18   recommended dismissing the Second Amended Complaint. Accordingly, the Court will conduct

19   a *de novo* review.

20        **B.  DISCUSSION**

21        The Court has conducted a *de novo* review of the filings in this case. In the Report and

22   Recommendation, Judge Ferenbach found that the Plaintiff failed to appear at the noticed

23   deposition scheduled for January 20, 21, 22, and 23 of 2015, and therefore failed to comply with

24   the court's December 19, 2014 Order (ECF No. 204). ECF No. 255 at 4. Judge Ferenbach

25   therefore recommended granting Defendants' motion for case-dispositive sanctions (ECF No.

26   228).

27        Judge Ferenbach stated three reasons in support of this Recommendation. First, Judge

28   Ferenbach states that Fed. R. Civ. P. 37(b)(2)(A) expressly provides for sanctions, and that Rule

- 3 -

1   37(d)(1)(A)(i) specifically allows the court to enter sanctions against a party for failure to appear

2   for a deposition, unless such failure was substantially justified or other circumstances make an

3   award unjust. ECF No. 255 at 5.

4        Second, Judge Ferenbach found that the <u>Hockey</u> factors militate in favor of dismissing

5   Plaintiff's claims. <u>Id</u>. at 5-8. <u>See Porter v. Martinez</u>, 941 F.2d 732, 733 (9th Cir. 1991) (per

6   curiam) (citing <u>Nat'l Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639, 96 (1976) (per

7   curiam)). The factors to consider are: (1) the public's interest in expeditious resolution of

8   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking

9   sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the

10  availability of less drastic sanctions. District courts have discretion to impose the extreme

11  sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties."

12  <u>Wanderer v. Johnston</u>, 910 F.2d 652, 655–56 (9th Cir. 1990).  In his discussion, Judge Ferenbach

13  notes that Plaintiff's failure to comply with a court order and his refusal to attend his deposition,

14  despite the Court's repeated warnings that sanctions may be imposed, supports sanctions. ECF

15  No. 255 at 6.

16       Third, Judge Ferenbach notes that the Plaintiff's failure to oppose Defendants' Motion

17  constitutes a consent to the granting of the motion on Local Rule 7-2(d). ECF No. 255 at 8.

18       The Court has reviewed Plaintiff's Objection (ECF No. 261) to Judge Ferenbach's Report

19  and Recommendation and finds that it is unresponsive and fails to address the reasons for

20  dismissal of his Complaint. Plaintiff's argument that attending a court-ordered deposition would

21  "violate his constitutional rights to privacy" is unavailing and does not provide an excuse for

22  failure to appear for a deposition.

23       The Court finds that the record supports adoption of the Report and Recommendation and

24  therefore adopts it in full.

25

26  **IV.    SANCTIONS**

27       As Judge Ferenbach's Report and Recommendation (ECF No. 255) did not address the

28  Defendant's Motion for Sanctions (ECF No. 251), the Court addresses it here. The Court has

1   reviewed the Defendant's arguments and denies its motion.

2      Rule 11 of the FRCP allows a court to impose sanctions against a party or attorney that

3 presents a pleading or written motion that is not "warranted by existing law or by a nonfrivolous

4 argument for extending, modifying, or reversing existing law or for establishing new law." Fed.

5 R. Civ. P. 11(b), (c).

6      Rule 11 sanctions shall be assessed if, under an objective standard, "the paper filed in

7 district court and signed by an attorney . . . is frivolous, legally unreasonable or without factual

8 foundation, even though the paper was not filed in bad faith." <u>Golden Eagle Distrib. Corp. v.</u>

9 <u>Burroughs Corp.</u>, 801 F.2d 1531, 1537-38 (9th Cir. 1986) (internal quotation marks omitted).

10 "One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses, or motions

11 and to deter costly meritless maneuvers . . . thereby avoiding delay and unnecessary expense in

12 litigation." <u>Christian v. Mattel, Inc.</u>, 286 F.3d 1118, 1127 (9th Cir. 2002).

13      Defendant First Option Mortgage requests a reasonable amount of attorney's fees in

14 connection with opposing Plaintiff's Motion to Disqualify Counsels and for having to file the

15 instant Motion. ECF No. 251. However, the Court does not find Plaintiff's Motion rises to the

16 level of sanctionable conduct. Indeed, Plaintiff's Motion was easily dismissed on the basis of

17 lack of standing to challenge counsel. Report and Recommendation, ECF No. 255 at 3-4.

18 Therefore, the Court denies Defendant's Motion for Sanctions. ECF No. 251.

19

20      **V.**      **CONCLUSION**

21      **IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 255) is

22 ADOPTED in full and that Defendants' Second Motion for Sanctions re Discovery (ECF No.

23 228) is GRANTED.

24      **IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (ECF No. 251) is

25 DENIED.

26      **IT IS FURTHER ORDERED** that Judge Ferenbach's Report and Recommendation

27 (ECF No. 204) is REJECTED as moot.

28      **IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF

No. 227) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 257) is DENIED as moot.


DATED: this 29th day of December, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**