# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

GODSON ERUCHALU,

                     Plaintiff,

vs.

U.S. BANK, NATIONAL ASSOCIATION; U.S.
BANK HOME MORTGAGE; *et. al.*,

                     Defendants.

Case No. 2:12–cv–1264–RFB–VCF

**ORDER AND REPORT & RECOMMENDATION**

MOTION FOR ATTORNEY'S FEES AND COSTS (DOC. #269); MOTION TO STAY PROCEEDINGS (DOC. #268); AND MOTION TO STAY MOTION FOR ATTORNEY'S FEES (DOC. #280)

This matter involves Plaintiff Godson Eruchalu's civil actions against U.S. Bank, U.S. Bank Home Mortgage, and other Defendants.  Before the court are the following motions:

1.     Defendant First Option Mortgage's Motion for Attorney's Fees and Costs (Doc. #269), Eruchalu's response (Doc. #276), and First Option's reply (Doc. #281).

2.     Eruchalu's Motion to Stay Proceedings (Doc. #268), the Defendants' response (Doc. #273), First Option's Joinder (Doc. #274), and Eruchalu's reply (Doc. #278).

3.     Eruchalu's Motion to Stay First Option's Motion for Attorney's Fees and Costs (Doc. #280), First Option's response (Doc. #283), and Eruchalu's reply (Doc. #286).

For the reasons stated below, First Option's motion for attorneys' fees should be denied, and Eruchalu's motions to stay will be denied.

## I. Background

In July 2012, *pro se* plaintiff Godson Eruchalu filed the instant lawsuit against the Defendants. Eruchalu alleged nineteen counts of alleged wrongdoing related to the foreclosure of his home.  (Doc. #1).  The Defendants moved to dismiss.  (Doc. #23).  The court stayed discovery pending the resolution of the Defendants' motion to dismiss.  (Doc. #48).  On June 6, 2013, the court dismissed all but two

counts in Eruchalu's original complaint.  (Doc. #52).   On June 20, 2013, Eruchalu filed his first amended complaint.  In his first amended complaint, Eruchalu alleged twenty-nine counts of wrongdoing related to the Defendants' foreclosure of Eruchalu's home.  (Doc. #53).  The Defendants moved to dismiss Eruchalu's first amended complaint.  (Doc. #57).  While the Defendants' motion to dismiss Eruchalu's first amended complaint was pending, Eruchalu: (1) moved the court to enjoin the foreclosure sale of his home (Doc. #59); (2) moved to "stay the foreclosure sale of his home" (Doc. #60); and (3) filed a proposed discovery plan and scheduling order without first consulting with the Defendants.  On August 13, 2013, the court held a hearing and stayed discovery until the court ruled on the Defendants' motion to dismiss Eruchalu's first amended complaint.  (Doc. #88).

On December 17, 2013, the court dismissed all but two counts alleged in Eruchalu's first amended complaint, and denied Eruchalu's motions for injunctive relief.  (Doc. #99); (Doc. #100).  The court dismissed several claims in Eruchalu's first amended complaint with prejudice, and instructed Eruchalu not to refile those claims.  (Doc. #99).  On December 31, 2013, Eruchalu filed his second amended complaint, which alleged twenty-two counts against the Defendants.  (Doc. #104).  Eruchalu also (1) appealed the denial the court's denial of injunctive relief; (2) moved the court to reconsider its orders denying him injunctive relief; (3) attempted to appeal the court's order dismissing his claims; (4) filed a second motion for injunctive relief; (5) filed a second motion to stay foreclosure proceedings; and (6) moved to set aside a default due to alleged fraud on the court.  (Doc. #120).  The court denied Eruchalu's new motions.  (Doc. #123).  The Ninth Circuit affirmed the court's denial of Eruchalu's motions for injunctive relief.  (Doc. #149).

During discovery, the Defendants noticed Eruchalu's deposition. Erucahlu filed a series of motions to stay his deposition and to prevent the Defendants from videotaping his deposition. (Doc. #187-191). The court held a hearing, ordered Eruchalu to attend his deposition, and warned Eruchalu that case-dispositive sanctions could be imposed if he failed to cooperate with the Defendants. (Doc. #204). The court also awarded the Defendants $1,750.00 in sanctions. (Doc. #204). Despite the court's order, Eruchalu failed to attend his deposition. This court recommended dismissing Eruchalu's complaint as an appropriate discovery sanction.[1] (Doc. #255). On December 29, 2015, the district court adopted this court's recommendation for case-dispositive sanctions and dismissed Eruchalu's complaint. (Doc. #266).

The Defendant First Option Mortgage now asks the court to award it reasonable attorney's fees and costs. Eruchalu moves to stay proceedings based on two appeals pending before the Ninth Circuit.

## II. Legal Standard

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 sanctions may be imposed upon a *pro se* plaintiff." *Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

"Section 1927 sanctions require a bad faith finding." *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990). "Bad faith is present when an attorney [or *pro se* party] knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for purposes of

---

[1] Eruchalu also filed the following motions: (1) a motion to disqualify Defendants' counsel (Doc. #224); (2) a motion to compel discovery (Doc. #264); and (3) a cross-motion for discovery sanctions against the Defendants (Doc. #257). Eruchalu also filed an appeal of one of this court's report and recommendations. (Doc. #242).

3

harassing an opponent." *Id.* (finding bad faith when plaintiff's counsel: (1) failed to provide evidence supporting plaintiff's claims; (2) failed to respond to discovery requests; and (3) failed to dismiss an improperly served defendant); *see also In re Peoro*, 793 F.2d 1048, 1051-52 (9th Cir. 1986) (finding bad faith when a creditor: (1) attempted to relitigate the validity of his judgement lien in numerous bankruptcy proceedings; (2) unmeritoriously opposed the debtor's attempts to have the creditor's lien invalidated; and (3) brought and refused to withdraw a meritless *lis pendens* against the debtor's real property).

The Ninth Circuit "requires a district court to calculate an award of attorneys' fees by first calculating the 'lodestar.'" *Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonably hourly rate." *Id.* "After computing the lodestar, the district court should assess whether additional considerations that [the Ninth Circuit] enumerated require the district court to adjust the figure." *Id.*

"When the district court makes its award, it must explain how it came up with the amount." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "The explanation need not be elaborate, but it must be comprehensible." *Id.* "When the difference between the lawyer' request and the court's award is relatively small, a somewhat cursory explanation will suffice." *Id.* "But where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Id.* "Nevertheless, the district court can impose a small reduction, no greater than 10 percent – a 'haircut' – based on its exercise of discretion without a more specific explanation." *Id.* at 1112.

/// /// ///

/// /// ///

/// /// ///

4

### III. Discussion

The parties present three issues: (1) whether First Option is entitled to its reasonable attorneys' fees; (2) whether First Option should be awarded costs; and (3) whether proceedings should be stayed pending while Eruchalu appeals two orders to the Ninth Circuit.

1.   First Option's Motion For Attorney's Fees Will Be Denied

Ordinarily, First Option would be entitled to its reasonable attorney's fees pursuant to 28 U.S.C. § 1927.  For over three years, Eruchalu "unreasonably and vexatiously" multiplied the proceedings and prolonged final resolution of this lawsuit.  Eruchalu acted in bad faith when he: (1) ignored the court's order to reframe from refiling previously dismissed claims; (2) ignored this court's discovery orders; (3) initiated similar proceedings in Nevada state court and bankruptcy court; and (4) filed meritless motions and appeals throughout these proceedings.  *Wages*, 915 F.2d at 1235-36; *see also In re Peoro*, 793 F.2d 1051-52.  Pursuant to section 1927, the court finds that First Option is entitled to its reasonable attorneys' fees.  The next step would be for the court to determine how much money First Option should be awarded in reasonable attorneys' fees.  First Option, however, does not provide the court with sufficient information to calculate First Option's reasonable attorneys' fees.

In support of its motion for attorneys' fees, First Option submitted a declaration from attorney Andrew Steinfeld (Doc. #270) and a memorandum of costs and fees (Doc. #271).  In his declaration, Steinfeld lists: (1) his hourly rate; (2) the number of hours he worked on the motion for attorneys' fees; (3) the hourly rate of this paralegal; and (4) the number of hours the paralegal worked on the motion for attorneys' fees.  (Doc. #270 at 3).  Steinfeld does not, however, list his hourly rate or the number of hours he spent working on other matters in this litigation.  (*Id.*).

First Option also submitted a memorandum of fees and costs.  The memorandum lists the invoices it received from its attorneys, but First Option does not provide the court with the information

5

necessary to conduct a lodestar calculation.  In order to conduct a lodestar calculation, the court would need: (1) the number of hours worked by each attorney in this lawsuit; (2) the hourly rate of each attorney who worked on this lawsuit; (3) a description of the work performed by First Option's attorneys in this lawsuit; (4) the number of hours worked by each non-attorney professional in this lawsuit; and (5) the hourly rate of each non-attorney professional who worked on this lawsuit.  Until First Option provides the court with the aforementioned information, First Option's motion for attorneys' fees should be denied without prejudice.

2.      First Option is Awarded $2,602.80 in Costs

"A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fee and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."  28 U.S.C. § 1920.

Here, First Option will be awarded $2,602.80 in costs.  First Options requests the following expenses: (1) $400 for clerk's fees; (2) $808.25 for transcripts; (3) $1,394.55 for copies; and (4) $ 6,724.40 for other costs.  (Doc. #272 at 3).  The other costs First Option requests include: (1) $5,773.54 for administrative services; (2) $7.50 for CDs; (3) $296.07 for express mail; (4) $12.50 for facsimiles; (5) $439.11 for legal research; (6) $69.60 for long-distance telephone charges; (7) $94.00 for parking; and (8) $32.08 for postage.  (*Id.*).  As First Options' other costs are not authorized by section 1920, those costs will be denied.  First Option will be awarded $2,602.80 for clerk's fees, transcripts, and copies.

/// /// ///

3.    <u>Eruchalu's Motions to Stay Will Be Denied</u>

"The effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal."  *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983).  "The rule of exclusive appellate jurisdiction is a creature of judicial prudence, however, and is not absolute."  *Id.*  District courts retain "the power to award attorneys' fees issues after an appeal on the merits" has been filed.  *Id.*  (noting that a later appeal of an attorneys' fees order could be consolidated with the earlier appeal on the merits).

Here, Eruchalu's two pending appeals to the Ninth Circuit do not warrant a stay of district court proceedings.  If First Option submits the information the court needs to conduct a lodestar calculation, the court will reconsider its request for attorneys' fees.  If a party decides to appeal the court's order regarding attorneys' fees, the appellate court will likely consolidate that appeal with the other pending appeals.  Thus a stay of proceedings is not warranted.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that First Option's motion for attorneys' fees and costs (Doc. #269) be DENIED without prejudice.  First Option should be permitted to refile its motion for attorneys' fees.

IT IS FURTHER RECOMMENDED that First Option be awarded $2,602.80 in costs pursuant to 28 U.S.C. § 1920.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

IT IS FURTHER ORDERED that Eruchalu's motion to stay (Doc. # 280) and motion to stay (Doc. #268) are DENIED.

IT IS SO RECOMMENDED AND ORDERED.

DATED this 19th day of April, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE