1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### ***

GODSON ERUCHALU,

      Plaintiff,

vs.

U.S. BANK; et.al.,

      Defendants.

Case No. 2:12–cv–1264–GMN–VCF

## REPORT & RECOMMENDATION AND ORDER

Before the court are First Option's amended motion for attorneys' fees (ECF No. 303), Eruchalu's motion to strike[1] (ECF No. 316), and First Option's response to the motion to strike (ECF No. 321).  Also before the court is Eruchalu's motion to extend time to respond (ECF No. 308).  For the reasons stated below, First Option's amended motion for attorney' fees (ECF No. 303) is granted.  Eruchalu's motion to extend time[2] (ECF No. 308) is denied.

## I. Legal Standard

The Ninth Circuit "requires a district court to calculate an award of attorneys' fees by first calculating the 'lodestar.'"  *Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonably hourly rate."  *Id.*  "After computing the lodestar, the district

---

[1] Although he styles this docket entry as a "motion to strike," Eruchalu's arguments focus exclusively on First Option's amended motion for attorney's fees.  (ECF No. 316)  This court will therefore treat the motion to strike (ECF No. 316) as a response to First Option's amended motion for attorney's fees (ECF No. 303).

[2] Eruchalu's motion to extend time requested a 21-day extension in order to respond to First Option's amended motion for attorney's fees.  (ECF No. 308)  Had Eruchalu's request been granted, his response would have been due on June 20, 2016. (Id.)  On June 20, 2016, instead of filing a response, Eruchalu filed a "motion to strike amended motion for attorney's fees." (ECF No. 316)  Eruchalu's motion to extend time is thus denied as moot.

court should assess whether additional considerations that [the Ninth Circuit] enumerated require the district court to adjust the figure." *Id.*

The twelve factors bearing on the reasonableness are:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992).

"When the district court makes its award, it must explain how it came up with the amount." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).  "The explanation need not be elaborate, but it must be comprehensible." *Id.*  "When the difference between the lawyer' request and the court's award is relatively small, a somewhat cursory explanation will suffice." *Id.*  "But where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Id.*  "Nevertheless, the district court can impose a small reduction, no greater than 10 percent – a 'haircut' – based on its exercise of discretion without a more specific explanation." *Id.* at 1112.

## II. Discussion

1.  <u>First Option's Request for Attorneys' Fees Associated with the Bankruptcy Action is Denied</u>

"There is no general right to recover attorney's fees under the Bankruptcy Code." *Renfrow v. Draper*, 232 F.3d 688, 693 (9th Cir. 2000).  "[A] prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues in the proceedings." *In re Baroff*, 105 F.3d, 439, 441 (9th Cir. 1997).

2

*In re Baroff* involved a dispute over a bankrupt car dealership. *Id.* at 440. The debtor prevailed on his motion for summary judgment and moved for attorney's fees. *Id.* The bankruptcy court as well as the district court denied the debtor's request. *Id.* On appeal, the Ninth Circuit reversed the lower court decisions and remanded for a determination of reasonable attorney's fees. Since the bankruptcy court applied California contract law when is granted the debtor's motion for summary judgment, California contract law also applied to the award of attorney's fees. *Id.* at 441. Under California law, expressly stated that attorney's fees provisions in contracts would be enforced. *Id.* at 442-43. The bankruptcy court was therefore instructed to apply the subject agreement's attorney's fees provision and award the debtor reasonable attorney's fees. *Id.*

McCormick Barstow charged $8,102 in attorney's fees to defend Eruchalu's bankruptcy proceedings. Similarly American Mortgage claims $2,231.10 in attorney's fees associated with Eruchalu's bankruptcy proceedings. Neither law firm provides any documents that state whether state law governed the substantive issues in the proceedings. *See In re Baroff*, 105 F.3d at 441. Instead the law firms support their requests for attorney's fees with a transcript from a bankruptcy hearing where the bankruptcy court found that Eruchalu's bankruptcy proceedings were duplicative of this action. (ECF No. 303). The law firms also assert that they were required to defend the bankruptcy action in order to prevent inconsistent rulings and possible estoppel consequences in this action. (*Id.*) First Option however has not shown that it was required to litigate questions of state law in the bankruptcy proceedings, let alone that state law governed the substantive issues in those proceedings. *See In re Baroff*, 105 F.3d at 441. First Option will not be permitted to recover bankruptcy-related fees in this action when it would have been unlikely to recover the same fees in bankruptcy court. *See id.* The requests for attorney's fees associated with the bankruptcy proceedings is denied.

As this court is denying all attorney's fees associated with the bankruptcy proceedings, an accurate calculation of those fees is required.  McCormick Barstow billed this action and the bankruptcy proceedings under the same client number.  (ECF No. 304)  Consequently, the firm's monthly invoices contain entries for both this action and the bankruptcy action.  (*Id.*)  The firm has attempted to assist the court by highlighting the bankruptcy entries on its invoices.  The firm's efforts however did not account for every instance when a McCormick Barstow professional performed work on the bankruptcy proceedings.  (*Id.*)

McCormick Barstow represents that the firm began billing for work performed in the bankruptcy matter in August and September 2014.  (ECF No. 304)  While the firm did highlight a majority of the bankruptcy related entries, it missed entries such as recei[ved] and review[ed] Motion to Dismiss Adversary Complaint."  (ECF No. 304-4 at 5)  The firm also performed bankruptcy work before August 2014.  This firm's April 2014 invoice however contains entries such as "[a]ttend[ed] chapter 13 meeting of creditors."  (ECF No. 304-3 at 16)  The court has reviewed McCormick Barstow's invoices and has determined that it charged $10,359.50 for the bankruptcy work rather than $8,102.  First Option's attorney's fee award for work performed by McCormick Barstow will be reduced by $10,359.50.

American Mortgage billed separately for this action and the bankruptcy proceedings.  (ECF No. 305)  Based on the invoices submitted, American Mortgage did charge First Option $2,231 for work performed on the bankruptcy proceedings.  (ECF No. 305)  First Option's attorney's fees award for work performed by American Mortgage will be reduced $2,231.

2.    <u>First Option is Awarded $189,908.65 in Attorneys' Fees Associated with this Action</u>

       i.    *The Rates Billed By Defense Counsel Are Reasonable*

The "established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."

*Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981 (9th Cir. 2008).  The prevailing market rate in the forum district is used to determine the reasonableness of attorneys' fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).  Affidavits from defense counsel as well as other attorneys regarding the prevailing market rate and rate determination are "satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.3d 403, 407 (9th Cir. 1990).  Courts in this district have held that fees greater than $300 per hour are reasonable rates for experienced civil litigators.  *See Feely v. Carrington Mortg. Services*, No. 2:13-cv-634-CWH, 2014 WL 6388788 at* 3 (D.Nev. Nov. 14, 2014).  An hourly rate of up to $300 is reasonable for junior litigation associates. *See id.*; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F.Supp. 3d 1249, 1256 (D.Nev. 2014).

First Option moves for approximate $205,120.25 in attorneys' fees.  (ECF No. 303)  This amount reflects work done by attorneys and other professionals at McCormick Barstow, LLP, the defendant's local counsel, and attorneys at the American Mortgage Law Group, P.C., the defendant's national counsel.  (*Id.*)  In support of its fee requests, First Option included a Laffey Fee Matrix as well as an analysis of the matrix's geographic fee differentials.  (ECF No. 281)

The McCormick Barstow professionals billed at the following rates: (1) attorney Wade Hansard at $250 per hour: (2) attorney Dylan Todd at $225 per hour; (3) attorney Jared P. Green at $250 per hour; (4) attorney Renee M. Maxfield at $225 per hour; (5) attorney Daniel Aquino at $225 per hour; (6) attorney Nicholas Rasmussen at $225 per hour; (7) attorney Hilton A. Ryder at $250 per hour; (8) attorney Kelly Lowe at $225 per hour; (9) law clerk Frank Leavitt at $150 per hour; (10) paralegal Kelly Kuhar at $125 per hour; (11) paralegal Debbie L. Sizemore at $125 per hour; and (12) paralegal Regina Hampton at $125.  (ECF No. 304)

In *Feely v. Carrington Mortg. Services, LLC,* after the plaintiff's home was sold in foreclosure, the defendant attempted to collect the outstanding balance owed by the plaintiff.  2014 WL 6388788 at*

3.  The plaintiff alleged that the defendant's collection effort violated the Fair Debt Collection Practices Act.  *Id.*  The parties ultimately settled, and the plaintiff was awarded statutory damages.  *Id.*  The plaintiff then moved for attorney's fees.  *Id.*

The court found that attorney hourly rates of $305, $295, and $275 were reasonable.  *Id.*  A $175 hourly rate for non-attorneys was also found to be reasonable.  *Id.*  McCormick Barstow's most expensive billers, Wade Hansard and Hilton Ryder, are well within Feely's range of reasonableness. Since the other McCormick Barstow billers charged below Hansard's and Ryder's rates, their hourly rates are also reasonable.  *Id.*

The American Mortgage Law Group professionals billed at the following rates: (1) attorney Alston Lew at $195 per hour; (2) attorney Andrew Steinfeld at $225 per hour; (3) attorney E. Page Allinson at $250 per hour; (4) attorney Greg Chambers at $235 per hour; (5) James Brody at $350 per hour; (6) attorney Jackie Fu at $235 per hour; (7) attorney Shayna H. Arrrington at $275 per hour; (8) non-attorney Carla Piver at $150 per hour; (9) non-attorney Donna Pritchard at $65 per hour; (10) non-attorney Ian L. Shuter at $60 per hour; (11) non-attorney Jennifer Ryan at $150 per hour; (12) non-attorney James W. Jenkins at $150 per hour; (13) non-attorney Terri Hickey at $100 per hour; and (14) non-attorney William C. Nervis at $150 per hour.  (ECF No. 305-1 at 2)  Although American Mortgage is based in California, with the exception of James Brody, the fees charged by its professionals are in within *Feely*'s range of reasonableness.  *See Feely*, 2014 WL 6388788 at* 3.  Their fees are therefore reasonable.  *Id.*  With respect to James Brody, his hourly rate is $45 higher than the highest rate billed in *Feely*.  This district however has found hourly rates of up to $400 to be a reasonable rate for an experienced civil litigator.  *Tallman*, 23 F.Supp. 3d. at 1252-53

In *Tallman*, the plaintiff prevailed on a Fair Labor and Standards Act claims and moved for attorney's fees.  *Id.*  Since plaintiff's counsel had been retained on a contingent fee basis, he did not have

6

an established hourly rate.  *Id.* at 1257.  Defense counsel charged his client over $400 per hour.  Relying on defense counsel's hourly rate, the court capped plaintiff counsel's hourly rate at $400.  *Id.* at 1259.

 Given Brody's experience, specialization in mortgage law, and this district's prior precedent on reasonable hourly rates for civil litigators, Brody's hourly rate is reasonable.

This court also notes that, while Eruchalu makes numerous arguments regarding why First Option's fee request is excessive, he does not argue that the individual attorneys' hourly rates are unreasonable.  (ECF No. 316)

ii.     *The Hours Expended Are Reasonable*

"A reasonable number of hours expended means the number of hours an attorney reasonably could have billed to a private client."  *Tallman*, 23 F.Supp. 3d at 1259 (citing *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205-06 (9th Cir. 2013)).  A district court may choose one of two methods when it determines whether the total number of hours expended was reasonable.  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013).  The court may conduct an "hour-by-hour analysis of the fee request" and exclude any excessive, redundant, or otherwise unnecessary hours.  *Id.*  If the court is faced with a "massive fee application" the court may "make across-the-broad percentage cuts either in the number of hours claimed or in the final lodestar figure."  *Id.*

In support of its amended motion for attorney's fees, First Option submitted a declaration from each of its retained law firms.  (ECF No. 304); (ECF No. 305)  Each declaration is accompanied by month-by-month invoices from each law firm.  These invoices detail the professional's hourly rate, the number of hours the professional worked on this matter, and a brief description of the work performed.  (ECF No. 304); (ECF No. 305)  The court derives the following analysis from these declarations.

The McCormick Barstow professionals expended approximately 342.9 hours in this action.  Attorney Wade Hansard expended approximately 51.8 hours, attorney Dylan Todd expended

approximately 256.9 hours, and all other professionals expended a total of approximately 34.2 hours. (ECF No. 304-1)

The time entries by the McCormick Barstow professionals are reasonable.  With the exception of attending hearings and reviewing and respond to dispositive motions and major discovery requests, no time entry exceeded one hour.  The time spent on all assignments was appropriate and does not appear excessive, redundant, or unnecessary.  *See Gonzalez*, 729 F.3d at 1203.  After conducting an entry-by entry analysis of McCormick Barstow's claimed fees, the court has determined that the total number of hours expended by the firm was reasonable.

The American Mortgage professionals represent that they have expended 638.7[3] hours in this action.  (ECF No. 305-1 at 2)  With the exception of attending hearings and reviewing and respond to dispositive motions and major discovery requests, no time entry exceeded one hour.  The time spent on all assignments was appropriate and does not appear excessive, redundant, or unnecessary.  *See Gonzalez*, 729 F.3d at 1203.  After conducting an entry-by entry analysis of American Mortgage's claimed fees, the court has determined that the total number of hours expended by the firm was reasonable.

iii.    *Fee Calculation*

First Option should be awarded $66,155.50 for work performed by McCormick Barstow.  This award was calculated as follows:

Hansard: 51.80 x $250 per hour = $12,950.00

Todd: 256.90 x $225 per hour = $57,802.50

Green: .10 x $250 per hour = $25.00

---

[3] American Mortgage stated that is performed 639.1 hours of work.  (ECF No. 305-1 at 2)  However by this court's calculations the actual number of hours worked is 638.7.  This .4 hour discrepancy is likely a harmless mathematical error.

Maxfield: 3.20 x $225 per hour = $720.00

Aquino: 7.80 x $225 per hour = $1,755.00

Rasmussen: 1.80 x $225 per hour = $405.00

Ryder: .02 x $250 per hour = $50.00

Lowe: .09 x $225 per hour = $202.50

Leavitt: 6.70 x $150 per hour = $1,005.00

Kuhar: 6.8 x $125 per hour = $850.00

Sizemore: 3.9 x $125 per hour = $487.50

Hampton: 2.1 x $125 per hour = $262.50

Lodestar: $76,515.00

-$10,359.50 (total amount billed for work performed for the bankruptcy proceedings)

Total Fee Award = $66,155.50

First Option should be awarded $123,753.15 for work performed by American Mortgage.  This award was calculated as follows:

Lew: 18.9 x $195 per hour – 10% discount[4] = $3,316.95

Steinfeld: 79.3 x $225 per hour – 10% discount = $14,114.25

Allinson: .04 x $250 per hour – 10% discount = $90

Chambers: 244.6 x $235 per hour – 10% discount = $51,415.65

Brody: 29.4 x $350 per hour – 10% discount = $8,946.00

Fu: 6.5 x $235 per hour – 10% discount = $1,374.00

Arrrington: 106.7 x $275 per hour – 10% discount = $25,542.00

---

[4] American Mortgage applied a 10% discount to each professional's total charge to First Option.  (ECF No. 305)  As First Option was not charged this amount, it does not seek to recover it in this motion.

Piver: .04 x $150 per hour – 10% discount = $40.50

Pritchard: 4.3 x $65 per hour – 10% discount = $251.55

Shuter: .04 x $60 per hour – 10% discount = $54.00

 Ryan: 126.3 x $150 per hour – 10% discount = $16,146.00

Jenkins: 11.6 x $150 per hour – 10% discount = $1,566.00

Hickey: 2 x $100 per hour – 10% discount = $ 180.00

Nervis: 7.9 x $150 per hour – 10% discount = 715.50

Lodestar: $123,753.15

- $0.00 (American Mortgage billed separately for Eruchalu's bankruptcy proceedings)

Total Fee Award: $123,753.15

Grand Total Fee Award: $189,908.65

3.    <u>Eruchalu's Arguments in Opposition are Unpersuasive</u>

Eruchalu opposes First Option's request for attorney's fees on a number of grounds.  Each argument will be addressed below.

i.    *First Option complied with Federal Rules of Civil Procedure 7(b) and 37*

Federal Rule of Civil Procedure 7(b) explains how a party must style a motion in federal court. Federal Rule of Civil Procedure 37 requires that parties meet and confer in good faith before a motion to compel discovery is filed.  Eruchalu contends that First Option was required to meet and confer with him prior to filing its amended motion for attorney's fees.  (ECF No. 316)  First Option's amended motion is not a discovery motion.  This court has already ruled that First Option is entitled to attorney's fees and instructed First Option to submit an additional documents so that this court could ascertain the reasonableness of its claimed attorney's fees.  (ECF No. 296)  Neither Rule 7(b) nor Rule 37 requires that First Option meet and confer with Eruchalu prior to filing its amended motion.

10

ii.    *First Option's amended motion is not premature*

As discussed in this court's prior recommendation, Eruchalu's pending Ninth Circuit appeals are not grounds to stay this court's ruling on First Option's motion for attorney's fees.  (ECF No. 296)  The district judge subsequently adopted this court's recommendation in full.  (ECF No. 303)  Eruchalu has not stated adequate grounds for this court to reconsider its prior recommendation.  Instead he repeats his original argument.  He states that he will prevail on appeal and that a stay is warranted in order to avoid piece meal adjudication of attorney's fees.  This court rejected his argument before (ECF No. 296) and this court rejects it now.

iii.    *First Option's Requested Fees are Reasonable*

Eruchalu contends that First Option's attorney's fees are unreasonable because: (1) First Option needlessly used two law firms; (2) the law firms billed for hours they spent reviewing and analyzing documents that they ultimately determined were not discoverable; (3) the law firms billed for time spent responding to Eruchalu's discovery motions; and (4) "block billing," a practice that allegedly renders the firm's billing practices vague.  (ECF No. 316)

Eruchalu's arguments are not supported by citations to relevant case law, and they do not contain any examples of the firm's allegedly unreasonable billing practices.  This court did conduct a thorough analysis of defense counsel's billing invoices, and it disagrees with Eruchalu.  Based on applicable 9th Circuit and District of Nevada law, defense counsel's request fees are reasonable.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that First Option's amended motion for attorney's fees (ECF No. 303) be GRANTED.

/// /// ///

/// /// ///

IT IS FURTHER RECOMMENDED that First Option be awarded $189,908.65 in attorney's fees.

IT IS ORDERED that Eruchalu's motion to extend time (ECF No.308) is DENIED as moot.

IT IS SO RECOMMENDED AND ORDERED.

DATED this 27th day of July, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE