UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GODSON ERUCHALU,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, *et.al*,<br><br>Defendants. | Case No. 2:12-cv-01264-RFB-VCF<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE CAM FERENBACH, DENYING PLAINTIFF'S MOTION TO STRIKE, DENYING PLAINTIFF'S MOTION TO VACATE, AND GRANTING DEFENDANTS' COUNTERMOTION FOR SANCTIONS** |

## I.  INTRODUCTION

Before the Court for consideration is the Report and Recommendation of Magistrate Judge Cam Ferenbach (ECF No. 323) granting Defendant's Amended Motion for Attorney Fees (ECF No. 303), Defendant's Countermotions for Sanctions (ECF Nos. 299, 312), Plaintiff's Motion to Strike (ECF No. 309), and Plaintiff's Motion to Vacate Judgment or Order Due to Judicial Prejudice, Judicial Misconduct, Procedural Errors and Lack of Jurisdiction (ECF No. 294).

## II.  BACKGROUND

On April 11, 2016, Plaintiff filed his Motion to Vacate Judgment or Order Due to Judicial Prejudice, Judicial Misconduct, Procedural Errors and Lack of Jurisdiction. ECF No. 294. On May 13, 2016, Defendant First Option filed its Amended Motion for Attorney Fees. ECF No.

303. On May 24, 2016, Plaintiff filed his Motion to Strike Defendant's Response to his opposition to Judge Ferenbach's first Report and Recommendation (ECF No. 296) that dismissed Defendant's Motion for Attorney Fees without prejudice. ECF No. 309. On June 20, 2016, Plaintiff filed his Motion to Strike First Option's Amended Motion for Attorney Fees.[1] ECF No. 316. On July 5, 2016, First Option filed its Response to Plaintiff's Motion to Strike. ECF No. 321. On July 28, 2016, Judge Ferenbach issued a Report and Recommendation that First Option's Amended Motion for Attorney Fees (ECF No. 303) should be granted, that First Option should be awarded $189,908.65, and that Plaintiff's Motion to Extend Time (ECF No. 308) be denied as moot. ECF No. 323. On August 15, 2016, Plaintiff filed his Objection to Judge Ferenbach's Report and Recommendation. ECF No. 324. On September 1, 2016, First Option filed its Response to Plaintiff's Objection. ECF No. 325.

### III.    REPORT & RECOMMENDATION (ECF No. 323)

*A. Legal Standard*

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct

---

[1] Because Plaintiff's arguments focus exclusively on First Option's Amended Motion for Attorney Fees (ECF No. 303), Judge Ferenbach treated this motion as a Response (ECF No. 316).

"any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

"There is no general right to recover attorney's fees under the Bankruptcy Code." Renfrow v. Draper, 232 F.3d 688, 693 (9th Cir. 2000). "[A] prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues in the proceedings." In re Baroff, 105 F.3d, 439, 441 (9th Cir. 1997).

However, "[w]hen a statute provides for such fees, it is termed a 'fee-shifting' statute. Under a fee-shifting statute, the court 'must calculate awards for attorneys' fees using the 'lodestar' method[.]'" Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003) (citation omitted). This "is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). "After making that computation, the district court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." Id. at 363-64. These factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992)).

"When the district court makes its award, it must explain how it came up with the amount." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). "The explanation need not be elaborate, but it must be comprehensible." Id. "When the difference between the lawyer' request and the court's award is relatively small, a somewhat cursory explanation will suffice." Id. "But where the disparity is larger, a more specific articulation of the court's reasoning is expected." Id. "Nevertheless, the district court can impose a small reduction, no greater than 10 percent – a 'haircut' – based on its exercise of discretion without a more specific explanation." Id. at 1112.

### *B. Discussion*

Plaintiff makes various arguments throughout his objection regarding the inaccuracy of the fee calculations Judge Ferenbach considered in recommending Defendant's Amended Motion for Attorney Fees (ECF No. 303) be granted. Additionally, Plaintiff argues that there was no statutory basis for awarding attorney fees. Plaintiff also argues that his motion for extension of time (ECF No. 308) was unjustly denied. Finally, Plaintiff argues that Defendant is not the prevailing party because an appeal was pending before the Ninth Circuit at the time.

There was no objection to Judge Ferenbach's finding that Defendant was not entitled to attorney fees for proceedings that took place in bankruptcy court, so these findings are adopted in full. Further, Plaintiff has not made *specific* objections to Judge Ferenbach's findings supporting the award of attorney fees. Instead, Plaintiff makes general assertions that the Court committed mathematical error, could not ascertain whether Defendant actually did the alleged work, and that Defendant was overstaffed for the work that was done. These general assertions are not

enough to refute the thorough analysis Judge Ferenbach conducted regarding Defendant's billing invoices.

Also, Plaintiff argues that there was no statutory basis for awarding attorney fees in this case. This is incorrect. The attorney fees were awarded under 28 U.S.C. § 1927. See ECF No. 296. Further, Plaintiff argues that Defendant was not the prevailing party because there was a pending appeal. This argument has already been rejected during the course of this litigation because this Court still retains the power to award attorney fees during the pendency of an appeal. See Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir. 1983). Moreover, Plaintiff's appeal has already been dismissed. See ECF No. 326. Finally, Judge Ferenbach denied Plaintiff's motion to extend time (ECF No. 308) as moot after conducting an analysis of the attorney fees. The Court finds no legal reason to disturb Judge Ferenbach's findings and therefore adopts them in full.

### IV.  DEFENDANTS' COUNTERMOTIONS FOR SANCTIONS (ECF Nos. 299, 312)

#### *A. Legal Standard*

Under the All Writs Act, 28 U.S.C. § 1651(a), a district court has the authority to issue writs (such as defendant's requested prefiling order) that are "necessary and appropriate" in aiding its jurisdiction to prevent litigants who file frivolous lawsuits from continuing to abuse the judicial process. See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). However, declaring litigants as vexatious and entering prefiling orders "are an extreme remedy that should rarely be

used." Id. (citation omitted). Courts should be cautious of using such orders because they have the potential to "tread on a litigant's due process right of access to the courts." Id. (citation omitted). Courts should enter these orders "only after a cautious review of the pertinent circumstances." Id.

In De Long, the Ninth Circuit outlined four factors a district court must consider before entering a prefiling order declaring a litigant vexatious. De Long, 912 F.2d at 1147-48. First, the litigant must be given notice and an opportunity to be heard before a court enters its order. Id. at 1147. Second, a court must "create an adequate record for review." Id. Third, a court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." Id. at 1148 (citing In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988)). Fourth, a court's order "must be narrowly tailored to closely fit the specific vice encountered." De Long, 912 F.2d at 1148.

Providing the litigant with notice and opportunity to be heard is a core requirement of due process. Id. at 1147. However, this does not necessarily require that a litigant have an opportunity to be heard at an oral hearing regarding the litigant potentially being declared vexatious. See Molski, 500 F.3d at 1058-59; Pac. Harbor Capitol Inc. v. Carnival Airlines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000) (finding "an opportunity to be heard does not require an oral or evidentiary hearing on the issue… [t]he opportunity to brief the issue fully satisfies due process requirements"). Instead, this requires the litigant had fair notice that he might potentially be declared a vexatious litigant, and if prompted by a defendant's motion, allows the litigant the opportunity to contest it. See Molski, 500 F.3d 1058.

An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a prefiling order declaring a litigant as vexatious was needed. De Long, 912 F.3d at 1147. "At the least, the record needs to show, in some manner,

that the litigant's activities were numerous or abusive." Id. However, creating an adequate record for review does not require the court list every case filed by the litigant. See Molski, 500 F.3d at 1059; Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1063 (9th Cir. 2014).

When issuing a prefiling order declaring a pro-se litigant as vexatious, "it is incumbent on the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" De Long, 912 F.3d at 1148 (citing Powell, 851 F.2d at 431). To make this finding the court must look at "'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." De Long, 912 F.3d at 1148 (citing Powell, 851 F.2d at 431). However, a mere showing of litigiousness is not enough. Molski, 500 F.3d at 1059. "The [litigant's] claims must not only be numerous, but also be patently without merit." Id. (citing Moy v. U.S., 906 F.2d 467, 470 (9th Cir. 2007)). An alternative to finding frivolousness, is finding that the litigant's claims demonstrate a pattern of harassment. De Long, 912 F.3d at 1148.

These orders declaring a litigant as vexatious must have boundaries. De Long, 912 F.3d at 1148. They "must be narrowly-tailored to closely fit the specific vice encountered." Id. "Narrowly tailored orders are needed 'to prevent infringement on the litigator's right of access to the courts.'" Id. (citations omitted). An order is narrow when it only applies to the type of claims the litigant has been filing vexatiously. Compare Molski, 500 F.3d at 1061 (finding order preventing litigant from filing Title III ADA claims in the Central District of California was narrowly because it only applied to the types of claims the litigant had been filing vexatiously in that court), with De Long, 912 F.3d at 1148 (finding order preventing litigant from filing any further actions in the court without leave of the court as not being narrowly tailored).

### B. Discussion

Defendants argue that Plaintiff should be declared a vexatious litigant based on numerous

- 7 -

frivolous filings in this case, duplicative states and bankruptcy actions, and various appeals before the Ninth Circuit. Because of this, Defendants argue that this Court should enter a prefiling order against Plaintiff preventing him from making further filings in this case and award Defendants attorney fees. Plaintiff argues that Defendants fail to demonstrate Plaintiff's conduct meets the standard set out in De Long, and that attorney fees should not be awarded because Defendants failed to show he acted in bad faith.

This Court finds that Plaintiff is a vexatious litigant under the De Long standard. First, Plaintiff received fair notice because the Defendants' motions indicate he could potentially be declared a vexatious litigant, and Plaintiff had the opportunity to oppose these motions. In fact, Plaintiff had the opportunity to fully brief the issue and filed responses to both Defendants' motions. See ECF Nos. 307, 317. This Court considered these responses in determining whether to enter an order against Plaintiff. Therefore, Plaintiff received notice and was heard on the issue.

Second, Plaintiff's litigation history is extensive, spanning for almost five years, and in various courts. Plaintiff has filed four separate appeals with the Ninth Circuit throughout the extent of this litigation. See ECF Nos. 108, 209, 275, 329. One of which is currently pending. See ECF 329. Also, during the course of discovery Plaintiff filed duplicative motions objecting to Defendants videotaping his deposition. See ECF Nos. 188-191. Plaintiff continued to object even after the Court ordered the video deposition be taken (ECF No. 204). See ECF No. 213. Further, this Court entered a judgment against Plaintiff on December 30, 2015, but still this action has continued. See ECF No. 267. After the close of the case, Plaintiff has continued to move for injunction relief (ECF No. 289-291), has attempted to compel discovery (ECF No. 295), and has moved to strike Defendants' filings (ECF No. 309).

Third, the Court finds that many of these numerous filing are frivolous in nature. For instance, Plaintiff has attempted to appeal nonappealable orders, which have subsequently been dismissed. See, e.g. ECF No. 209. Plaintiff has had one of his four appeals dismissed for failure to prosecute because he did not file his opening brief. See ECF No. 275. Nonetheless, Plaintiff currently has an appeal pending before the Ninth Circuit of this Court's Order on the Mandate (ECF No. 328) regarding the dismissal of Plaintiff's earlier appeal (ECF No. 275)—which was dismissed for failure to prosecute. Additionally, Plaintiff failed to appear for his video deposition twice, and contested a court order to do so, which ultimately led to case-dispositive discovery sanctions being entered against Plaintiff. See ECF Nos. 255, 266. Plaintiff has gone so far as requesting this Court provide him injunctive relief (ECF No. 289-291), and then later arguing that this Court did not have jurisdiction to consider the request in the first place that he himself filed, only after the Court had denied it. See ECF No. 294. Further, Plaintiff moved to strike one of Defendant's responses for lack of or insufficient service (ECF No. 309); however, Defendants demonstrated Plaintiff was adequately served.

Fourth, this Court's order declaring Plaintiff a vexatious litigant is narrowly tailored. It does not infringe on Plaintiff's right of access to the courts, and only addresses his vexatious conduct in this case. In Molski, the Court found an order was narrowly tailored when it prevented a litigant from filing any claims under Title III of the ADA in a particular district. This order does even less than the order in Molski that the Ninth Circuit upheld. Rather than barring Plaintiff from filing a particular category of claims, this order simply precludes Plaintiff from making any further filings in this case without leave of the Court.

Therefore, the Court has met its burden under De Long, and accordingly declares Plaintiff a vexatious litigant.

### V. PLAINTIFF'S MOTION TO STRIKE (ECF No. 309)

Plaintiff alleges that he was never served with Defendant's Response (ECF No. 306) to his objections to Judge Ferenbach's Report and Recommendation (ECF No. 296), and therefore did not have an opportunity to file a reply brief. Thus, Plaintiff seeks to strike Defendant's Response on this basis.

This court requires that all filing must have a proof of service attached, and "[t]he proof must show the day and manner of service and the name of the person served. Proof of service may be by written acknowledgment of service or certificate of the person who made service." LR 5-1(a). Here, Defendant included a certificate of service with its response (ECF No. 306) and provided further proof of service, such as United States Postal Service tracking information and a declaration from Defendant's counsel, in its response (ECF No. 311) to Plaintiff's motion. This is sufficient to show that Defendant served Plaintiff with its response.  This motion is denied.

### VI. PLAINTIFF'S MOTION TO VACATE JUDGEMENT OR ORDER DUE TO JUDICIAL PREJUDICE, JUDICIAL MISCONDUCT, PROCEDURAL ERRORS AND LACK OF JURISDICTION (ECF No. 294).

Plaintiff argues that the Court should vacate its minutes (ECF No. 293) because the presiding judge was prejudiced and committed misconduct during the injunctive relief hearing, and that the Court lacked jurisdiction to rule on the motion he filed with the Court. Defendant argues that Plaintiff's motion was premature because no written order was issued, the Court was not prejudiced and did not commit misconduct, and the Court had jurisdiction to makes its ruling.

First, a party may move for the court to amend or alter its judgment. Fed. R. Civ. P. 59. Also, a party may move for the court to vacate its judgement. Fed. R. Civ. P. 60. For the

purposes of these motions, a minute order can constitute a dispositive order where the document "(1) stated on its face that it was an order; (2) was mailed to the parties; and (3) was entered on the docket as an order." Ingram v. ACandS Inc., 977 F.2d 1332, 1338 (9th Cir. 1992). Second, judicial misconduct is only present if a judge "shows actual bias or leaves an abiding impression that [demonstrates] an appearance of advocacy or partiality." U.S. v. Laurins, 857 F.2d 529, 537 (9th Cir. 1988). Simply interrupting counsel is not enough. See Id. Third, a district court retains jurisdiction to issue injunctive relief while an appeal is pending. See Fed. R. Civ. P. 62(c); Fed. R. App. P. 8(a)(1).

This Court's minutes (ECF No. 293) stated "IT IS ORDERED," copies were distributed to the parties, and the minutes were entered on the docket. Accordingly, this Court finds Plaintiff's motion was not premature because these minutes can serve as a dispositive order. However, no judicial misconduct occurred at the injunctive relief hearing. The Court stated that the knowledge of the pending sale, which Plaintiff argues indicates prejudice, had no effect on the Court's ruling on the pending motion before it. Moreover, the Court simply interrupted Plaintiff at times during the hearing to clarify and focus the discussion on relevant issues, but the Court did not act in a biased fashion. Additionally, this Court had jurisdiction to hear Plaintiff's motion because the Court was ruling on a motion for injunctive relief, which Plaintiff himself moved this Court to consider, while an appeal was pending. Therefore, no judicial misconduct or prejudice was present, and the court retained jurisdiction to hear the motion while an appeal was pending. This motion is denied.

## VII. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Countermotions for Sanctions (ECF Nos 299, 312) are GRANTED.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 323) is ADOPTED in full and that Defendants' Amended Motion for Attorney Fees (ECF No. 303) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff is hereby declared to be a vexatious litigant in this case. He shall NOT file any further motions in this case without permission of the Court. He may ONLY file a motion seeking leave to fill further motions that have a legal basis. He may NOT file any other motions until the Court rules on his motion, if he files it, requesting permission to file other motions. Plaintiff can file without permission an appeal of this Court's rulings in this Order or other rulings of this Court that could be subject to appeal.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (ECF No. 309) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate Judgment or Order Due to Judicial Prejudice, Judicial Misconduct, Procedural Errors and Lack of Jurisdiction (ECF No. 294) is DENIED.

**DATED**: March 29, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**